# Whitehurst v. The State.

### Burglary.

(Decided Feb. 1, 1912.　Rehearing denied Feb. 22, 1912.
57 South. 1026.)

1. *Trial; Rendition of Verdict; Presence of Accused.*—In a felony case, a verdict cannot be rendered save in open court and in the presence of the defendant and of the judge.

2. *Same.*—Where the judge in open court in the presence of the defendant, but in the absence of his counsel, and without objection, received a verdict of guilty of burglary, and without objection proceeded to impose sentence upon the accused, and when his attention was called to the fact that counsel was not present when the verdict was received and sentence imposed, offered to have the jury polled, which was declined, and then reduced the sentence from six to five years, such conviction will not be disturbed on appeal.

APPEAL from Barbour Circuit Court.

Heard before Hon. MIKE SOLLIE.

Willie Whitehurst was convicted of burglary and he appeals.　Affirmed.

GEORGE W. PEACH, and E. PERRY THOMAS, for appellant.　The court erred in receiving the verdict in the manner indicated.—*Harris v. The State,* 153 Ala. 19; *Hayes v. The State,* 107 Ala. 4; *Griffin v. The State,* 90 Ala. 600; *Simmons v. The State,* 129 Ala. 47; Sec. 6, Const. 1901; Sec. 7317, Code 1907.

[Whitehurst v. The State.]

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State.

De GRAFFENRIED, J.—Undoubtedly a writing delivered by a jury in a felony case to a court, or the clerk of the court, in the absence of the defendant, is no verdict. In a felony case it is essential that the verdict of the jury shall be rendered in *open* court in the presence of the judge and of the defendant.—*Hayes v. State,* 107 Ala. 1, 18 South. 172.

In the present case the court, in open court, in the presence of the defendant, but while the counsel of the defendant were absent, received, without objection on the part of the defendant, the verdict of the jury. Immediately upon receiving the verdict, the court, without objection on the part of the defendant, and in the absence of counsel for defendant, sentenced the defendant to the penitentiary for six years. While a court should be extremely careful in receiving a verdict against, and in passing a sentence upon, a defendant in a felony case in the absence of his counsel, the law does not require, certainly when the defendant does not call the court's attention to the absence of his counsel and request his presence, that the counsel shall be present when a verdict is received or the defendant sentenced. —*Griffin v. State,* 90 Ala. 600, 8 South. 670.

A person who is indicted for a felony may be extremely ignorant of all forms of criminal procedure, and it is essential to the due and orderly administration of the law that, when a defendant in a felony case employs counsel to aid him in his trial, he shall have his services from the beginning of the trial until it is at an end. He may not know that he has the right of the presence of his counsel when the verdict is received, or when sentence is passed, and a case may occur where a defend-

[Martin v. The State.]

ant may suffer, through some mistake of a court in the reception of a verdict, or in passing sentence, on account of the absence of his counsel, grave injustice.

Such a situation is not shown by this record, the court, through inadvertence, received the verdict and sentenced the defendant, in the absence of his counsel, to a period of six years in the penitentiary. When the court's attention was called to its inadvertence, it immediately offered to poll the jury, which the defendant's counsel declined to require, and reduced the sentence of the defendant from six years to five yars in the penitentiary.

There is no error shown by the record.—*Griffin v. State,* 90 Ala. 600, 8 South. 670. The judgment of the court below is affirmed.

Affirmed.