## CANTELOU v. STATE. (3 Div. 649.)

(Supreme Court of Alabama. Jan. 31, 1924.)

**1. Jury ☞66(2)—Immaterial that only one judge present at time of drawing of special venire.**

Provision in jury law as to drawing of jury by two judges is directory and not mandatory, and it is immaterial that only one judge was present at the time and place of drawing of special venire.

**2. Homicide ☞268—Guilt of murder held for jury.**

In a homicide case, evidence as to defendant's guilt of murder *held* sufficient for the jury's consideration, and court properly refused affirmative charge.

**3. Criminal law ☞641(2)—Reception of verdict in absence of defendant's counsel not error.**

Reception of verdict in homicide case at 12 o'clock at night, in the absence of defendant's counsel, *held* not error, where the jury was polled by the judge, and no request was made by defendant that counsel be present.

**4. Criminal law ☞1167(1)—Defendant cannot complain of failure to prove aliases.**

That defendant was indicted under several aliases which were not proven is not a matter of which he can complain, where he was identified as the person bearing one of the names given in the indictment.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bennie Cantelou, alias Cantelow, alias Cantelope, was convicted of murder in the first degree, and appeals. Affirmed.

Heirston L. Foster, of Montgomery, for appellant.

It is mandatory that the two judges of the circuit court participate in drawing juries. The case of Brown v. State, 209 Ala. 490, 96 South. 475, should be overruled. Edgar v. State, 183 Ala. 36, 62 South. 800; Acts 1919, p. 1040; Zininam v. State, 186 Ala. 9, 65 South. 56; Acts 1909, p. 305. The measure of proof required by law in criminal cases is not shown, if the facts can be reconciled with the theory that some one else may have done the act. Gay v. State, 19 Ala. App. 238, 96 South. 646; Gwin v. State, 19 Ala. App. 67, 94 South. 788; Gilmore v. State, 99 Ala. 154, 13 South. 536; Ex parte Acree, 63 Ala. 234. It was error for the court to allow the verdict to be returned, in the absence of defendant's counsel. Simmons v. State, 129 Ala. 41, 29 South. 929; Const. 1901, § 6; Code 1907, § 7317. There was a variance between the indictment and the proof; the evidence did not show the defendant was known by any alias. People v. Maroney, 109 Cal. 277, 41 Pac. 1097.

Harwell G. Davis, Atty. Gen., and Edwina Falkner, Asst. Atty. Gen., for the State.

The fact that only one judge was present at the drawing of the juries does not constitute error. Brown v. State, 209 Ala. 490, 96 South. 475; Morgan v. State, 19 Ala. App. 257, 96 South. 786. The evidence was sufficient to take the case to the jury. Authorities cited by appellant are inapt. The jury being polled by the court, there was no error in receiving the verdict in the absence of defendant's counsel. People v. Bennett, 65 Cal. 267, 3 Pac. 868; 2 Bishop on Crim. Proc. 860. It is not required that defendant's counsel be present. Griffin v. State, 90 Ala. 600, 8 South. 670; Whitehurst v. State, 3 Ala. App. 88, 57 South. 1026. Where defendant is indicted under his own name and also an alias, it is not necessary to show he was known and called by both names. Evans v. State, 62 Ala. 6.

GARDNER, J. Appellant was convicted of the murder of Mrs. Susan Mastin, with the infliction of the death penalty. We will treat the questions argued by counsel for appellant in their order of presentation in brief.

[1] Motion was made to quash the special venire upon the ground that it was not drawn according to law; that only one of the judges of the circuit court was present at the time and place of drawing said special venire, whereas the statute provided that two of the judges shall draw the same. In Brown v. State, 209 Ala. 490, 96 South. 475, it was held by this court that the provision in the jury law as to the drawing of the jury by two judges was directory and not mandatory. This authority is conclusive against the contention of appellant. The insistence by counsel for appellant that the ruling in the Brown Case is unsound has been given due consideration, but we are not persuaded to a contrary conclusion, and therefore adhere thereto.

[2] It is next insisted that the evidence as to defendant's guilt was insufficient for the jury's consideration, and that therefore the court committed error in refusing the affirmative charge requested in his favor. In response to this insistence a brief reference to the testimony will suffice. On February 9, 1922, Mrs. Susan Mastin was on a visit to her brother, J. J. Davenport, in the southwestern part of Montgomery county. About 2:30 o'clock in the afternoon of that day Mrs. Davenport left the house and went to her husband's store, and upon returning within an hour she discovered that the safe in her room had been broken into and rifled, and upon entering Mrs. Mastin's room found her sitting before the fire with her head beaten and mutilated, and her mouth and eyes bleeding. Mrs. Mastin died that night

about 9 o'clock without regaining consciousness.

In the safe was a gold watch which Mrs. Davenport had owned for a number of years, and upon which was engraved her initials. There was also in the safe a little purse belonging to Mrs. Davenport, containing $10 or $12; these articles were missing.

Search was begun immediately; a stick was found in the garden, and there was some evidence indicating stains of blood thereon. At a distance of about 200 yards from the house there was found an "overcoat wadded up in a bundle under the bank of the ditch"—to use the language of one of the witnesses; and there was evidence to the effect there were tracks leading from the house to the ditch where the overcoat was found.

There was evidence from which the jury could infer the defendant was familiar with the surroundings, as he had lived on the Davenport place many years previous; in 1902, 1903, and 1904. A few months after the crime he was working in this neighborhood with a Mr. McQuenn—his home, however, for many years had been in Evergreen, Ala. The overcoat was introduced in evidence, and identified by some of the witnesses as belonging to the defendant, but the defendant denied that he had ever owned an overcoat, but had possessed only a raincoat. In March or April following the commission of this crime, the gold watch identified as that belonging to Mrs. Davenport, and which was taken from the iron safe, was found in the defendant's trunk at his home in Evergreen. The watch was offered in evidence. As to the possession of this watch the defendant gave conflicting statements; in one he explained that he had found it while tearing down an old building in Evergreen; in another that he had bought it from a white man, a tramp, in Evergreen, and had given him $5 for it; and in still another statement that he had bought it in Montgomery, paying $20 for it. The purse missing from the safe was also offered in evidence, and identified as being the purse of Mrs. Davenport. It was found a few days before the trial in the trunk of the defendant's wife, who resided in Evergreen, but without contents. Defendant's paramour, one Irene Pitts, testified that defendant left Evergreen the first part of the year 1922, and stayed away about a week; that she did not know where he went, but that he stated he had gone to Montgomery. At that time they were living in separate houses. Defendant had shown her the watch, and had also shown her the purse, and had given her $4 out of it. There were a few other details not necessary to note, as we think the foregoing is sufficient to demonstrate that the question of defendant's guilt was one for the jury's determination.

There is nothing in the case of Malachi v. State, 89 Ala. 134, 8 South. 104, cited by counsel for appellant, which militates against this conclusion, but, on the contrary, it fully supports the holding here. The affirmative charge was properly refused.

This case was given to the jury at 7 o'clock in the evening of the same day it was tried. Defendant's counsel remained in the courtroom until 9 o'clock awaiting the verdict, and then went to his home, expecting, as he states in his affidavit, to be notified when the jury was ready to return its verdict. The verdict was returned at 12 o'clock that night, and counsel was not notified, and therefore was not present.

[3] Motion was made for a new trial; one of the grounds most strenuously insisted upon being that the verdict was received in the absence of counsel for the defendant. Affidavits were offered upon the hearing of the motion disclosing the above-stated facts without dispute; but it further appears from the affidavit of the deputy clerk of the circuit court that the jury was polled by the presiding judge. Nor does it appear that any request was made by defendant that counsel be present. It clearly appears from our previous decisions there is nothing in this action of the court of which the appellant can complain. Griffin v. State, 90 Ala. 596, 8 South. 670; Brister v. State, 26 Ala. 107; Simmons v. State, 129 Ala. 41, 29 South. 929. See, also, Whitehurst v. State, 3 Ala. App. 88, 57 South. 1026.

[4] That the defendant was indicted under several aliases which were not proven is not a matter of which he can complain. He was identified by the proof as Bennie Cantelou, one of the names designated in the indictment, and it was therefore not necessary to show that he was known and called by the other names. As said in Evans v. State, 62 Ala. 6:

"It was sufficient if he was identified as the person entitled to either of them and known by it."

We have here treated those questions which counsel for appellant has deemed of sufficient importance for discussion in his brief; but, mindful of our duty in cases of this character, we have also considered the few remaining questions presented by the record, which, in our opinion, are not of sufficient magnitude to call for discussion.

Finding no reversible error, the judgment of conviction will accordingly be here affirmed.

Affirmed.

All the Justices concur.