70 So.2d 644

**ALLEN v. STATE.**

**6 Div. 503.**

Supreme Court of Alabama.

Feb. 25, 1954.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., for the State.

Ray & Giles, Birmingham, for appellant.

STAKELY, Justice.

Richard Allen, appellant, was indicted for the offense of murder in the first degree. Upon a plea of not guilty, trial was had and the jury returned a verdict of guilty of murder in the first degree and fixed the punishment at death. The defense of the defendant was based on self-defense.

Since the case must be reversed, we think it best that we refrain from a statement of the evidence in the case lest such a statement might result in prejudice to either the state or the defendant on another trial.

■ Numerous questions are presented on this appeal but they do not involve matters which would be likely to come up on a second trial of the case, except that a photograph of the deceased was admitted in evidence. We have the photograph before us and do not consider that there is any error in admitting the photograph in evidence. The photograph shows deceased lying on his back with his shirt open. It shows the location of the wound made by the bullet. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563, certiorari denied 243 Ala. 671, 11 So.2d 568.

■ Counsel for the appellant was not present when the jury returned the verdict. He had gone to another court in the same building to attend to cases pending there in which he was the attorney. He had so informed the clerk or bailiff in the court where the instant case was tried and had requested such officer to advise the court that he would be back shortly, that he had a case before another judge in a courtroom on the same floor as the courtroom in which the instant case was being tried and that on notice he would come immediately from the other courtroom to the courtroom where the present case was being tried.

The attorney went to the other courtroom and took two orders, after court convened at 9:30 A.M. He then walked immediately from the other courtroom to the courtroom here involved. When he entered the courtroom here involved, a jury was leaving the room. Upon inquiry he learned that it was the jury before whom the present defendant had been tried on the two previous days. It was then that he learned for the first time that the jury had returned a verdict imposing the death sentence on the defendant and that the court had ordered the bailiff to bring the defendant before the court whereupon the sentence of death was then and there imposed upon the prisoner.

The attorney was the only counsel for the defendant engaged in the trial of the case and he did nothing to indicate an intention to be absent when the jury returned a verdict. The jury was not polled.

Section 101, Title 30, Code of 1940 provides: "When a verdict is rendered in either a civil or criminal case, and before it is recorded, the jury may be polled, on the requirement of either party; * * *." It is obvious that the practical result in the case at bar was that the defendant was deprived of the right given by the statute. There is nothing in the record to show that the right was in any way waived. The judgment entry does not indicate that even the defendant was accorded the right to make any objection when he was sentenced. The first opportunity when the question could be raised by the defendant was when he made his motion for a new trial based, among other things, on the ground that he had been deprived of the right to poll the jury.

There are a number of authorities in this state on the proposition here involved which should be considered.

In Griffin v. State, 90 Ala. 596, 8 So. 670, 672, a death verdict was returned in the absence of defendant's counsel. This court held that there was no error in this action, stating that it is only necessary that the defendant himself be present. However, the opinion in that case shows that, "The court showed very marked consideration for the defendant and his counsel, in waiting, as it did, and its endeavor to find the counsel of defendant before receiving the verdict."

In Brister v. State, 26 Ala. 107, a death sentence was received in the absence of defendant's counsel. The Supreme Court refused to reverse on that ground. However, in that case the jury advised the court that they were ready to return their verdict and the court not knowing that the prisoners were not in court, directed the clerk to receive and read the verdict. The court then observed to the jury that they were discharged and the jury started out of the courtroom but had not got out of the bar. It was then discovered that the prisoners were not in court and the court immediately stated to the jury that they were not discharged and ordered the clerk to hand

the papers in the case back to them and directed the sheriff to bring the prisoners into court. It was held that the jury was not discharged in legal contemplation by the occurrences which transpired in the absence of the prisoners. It was held that the revocation was in time because it was almost instantaneous and while the jury as a body was still continuing to be in the bar and in the presence and power of the court. Such a course of proceeding, according to the opinion, did not deprive the prisoners of the right nor opportunity to examine the jury by a poll.

In Whitehurst v. State, 3 Ala.App. 88, 57 So. 1026, there was a verdict of guilty with a sentence of six years. The trial judge received the verdict and sentenced the defendant in the absence of defendant's counsel. When counsel returned the trial court offered to poll the jury, but this offer was refused. The defendant was then resentenced in the presence of his counsel. The action of the court was held to be without error.

In Simmons v. State, 129 Ala. 41, 29 So. 929, which was a capital case, the verdict was received in the absence of counsel. However an effort was made to find defendant's counsel but after several hours of delay and search, he could not be found. The court thereupon appointed another attorney of the bar to represent the defendant in receiving the verdict of the jury and the jury was duly polled. It was held that no injury resulted to the defendant from the action of the court.

In Cantelou v. State, 210 Ala. 648, 98 So. 893, which was a capital case, the verdict was returned in the absence of counsel. However, in that case the jury was polled by the presiding judge. No request was made by defendant that counsel be present. The court held that there was nothing of which the defendant could complain.

As we have shown the right to poll the jury is a right recognized and given to the defendant by the statute. It is argued that experience has shown that the benefit to the defendant of polling a jury in effecting a change or modification of the jury's verdict is substantially nonexistent. However since it is a right given by the statute we cannot say that the defendant should be deprived of the right.

Counsel for the defendant made an arrangement so that he could be notified when the jury reported. He was just a short distance from the courtroom and could have reached the courtroom almost immediately and yet he was not called. When he was not called and the jury was allowed to return its verdict in the absence of defendant's counsel, we consider that a right of the defendant given him under the law was infringed and that prejudicial error resulted.

Before concluding the opinion there is a final observation which we would like to make. The verdict in the present case was not void since it was received at the proper place with the judge and the defendant present. Jackson v. State, 102 Ala. 76, 15 So. 351; Hayes v. State, 107 Ala. 1, 18 So. 172. The error lies in depriving the defendant of a right which accrued after the verdict was received. It is a mere irregularity supporting a reversal of the judgment. When a judgment of conviction is reversible for a mere irregularity, not going to its validity, an appeal by the defendant causing a reversal "did not entitle the defendant to his discharge as having been once in jeopardy". Washington v. State, 125 Ala. 40, 28 So. 78; Ex parte Tanner, 219 Ala. 7, 121 So. 423. We say this because the defendant in the case at bar will not be put twice in jeopardy for the same offense when he is tried again in the lower court.

The judgment of the court is due to be reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.