79 So.2d 51

**William McCALL**

**v.**

**STATE.**

**6 Div. 732.**

Supreme Court of Alabama.

March 31, 1955.

Nesbitt Elmore and Fred D. Gray, Montgomery, for appellant.

John Patterson, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

MERRILL, Justice.

The appellant was convicted of murder in the first degree and sentenced to life imprisonment. His motion for a new trial was overruled. From this ruling and the conviction and sentence he appeals urging three matters as error.

Appellant complains that the state did not prove the corpus delicti in that it failed to prove beyond a reasonable doubt the causal connection between the wound inflicted by the defendant and the deceased's death.

It is true that no direct evidence of the causal connection between the wound inflicted and death was presented. There was, however, much circumstantial evidence tending to prove that the deceased died as a result of a wound inflicted by the appellant with a knife.

The appellant, the deceased and the eye-witnesses left a night club some time after midnight, all in varying degree of intoxication. They were riding in an automobile, three on the front seat and two on the rear. The deceased sat on the right of the front seat, the appellant on the right of the rear seat immediately behind him. As they drove up to a housing project known as Loveman's Village in Titusville, the appellant was seen to reach forward and hit deceased in the chest near the neck. The car was stopped, appellant climbed out the single door on the right and dragged deceased out on the ground. After a very brief tussle, deceased slid to the ground. Blood was noticed on his clothing, a knife was seen in appellant's hand and the deceased was carried to a hospital. He did not speak during the trip and the witnesses did not know whether he was alive or dead when they arrived at the hospital with him.

The mother of the deceased testified that he was dead when she viewed his body during the same morning that the difficulty occurred between appellant and deceased. She stated that she observed a wound on

his body which was located on the left side of his shoulder blade near his heart.

Another witness testified that he observed the body of the deceased at the Hillman Hospital emergency room and observed a wound which was on the left side near the neck and that the wound was slightly slanting, inward and down.

In addition to this testimony, a photograph of the body of the deceased showing the location of the wound was introduced in evidence.

The appellant testified in his own behalf and admitted that he cut the deceased. He relied on a plea of self-defense as justification therefor.

 It is well settled in this state that the corpus delicti is a fact which may be proved by circumstantial evidence. If there is a reasonable inference deducible from the evidence of its existence, the court must submit the question of the sufficiency and weight of the evidence tending to support that inference to the jury. McDowell v. State, 238 Ala. 101, 189 So. 183; Rowe v. State, 243 Ala. 618, 11 So.2d 749; DeSilvey v. State, 245 Ala. 163, 16 So.2d 183; Phillips v. State, 248 Ala. 510, 28 So.2d 542; Taylor v. State, 249 Ala. 130, 30 So.2d 256; Snead v. State, 251 Ala. 624, 38 So.2d 576; Spain v. State, 37 Ala.App. 311, 68 So.2d 53, certiorari denied 259 Ala. 606, 68 So.2d 58.

 Here it was shown that the deceased was cut, that he received only one wound and that he died. Clearly there was ample evidence from which the jury could have found causal connection between the wound inflicted by the appellant and the death of the deceased. All the evidence concerning the death of the deceased tended to show that it was caused by the criminal agency of appellant and that it was not the result of accident or natural causes, or of suicide.

The appellant next complains that the jury deliberated and reached a verdict outside the jury room in the presence of the bailiff. This allegation is based upon facts which are presented in the record by two sworn affidavits, one executed by the appellant's father, the other by one of his counsel. Together, they tend to establish the following: The jury had retired to consider its verdict at 4:55 p. m. At 5:20 p. m. the Judge instructed the bailiff to inquire of the jury if they were near a verdict or if they wanted to eat supper. The bailiff made such inquiry after which he informed the Judge that the jury had not reached a verdict and wanted to eat supper. Thereupon the bailiff took the jury out to eat supper. The Judge then informed the clerk that he was going home to eat supper and if needed before 7:00 p. m. he could be reached by telephone. The clerk informed the attorneys for appellant that the jury would not return from eating until 6:30 p. m. At 6:32 p. m. the bailiff returned from supper with the jury. Before they entered the jury room, the judge inquired of them whether they had reached a verdict. One juror answered that they had reached a verdict. The judge then asked what the verdict was and several jurors answered "guilty with life imprisonment". The judge had the jurors line up in front of the bench where he polled them. He then discharged them. The appellant was present in the courtroom when the jury returned from supper and remained there until they were discharged. Neither of his counsel were present, having gone to eat supper shortly after the jury left for the same purpose. Appellant's counsel returned at approximately 6:50 p. m. to find the jury discharged and their client sentenced to life imprisonment on a conviction of first degree murder.

 From these facts the appellant argues that we must infer that the jury deliberated during their supper meal in the presence of the bailiff and possibly in the presence of others. There was no evidence of any misconduct on the part of the jury or of the bailiff in charge of the jury. A mere supposition that the jury deliberated in public is not sufficient. It often happens in the trial of criminal cases where they are required to be kept together, that juries that have reached a verdict near mealtime seldom announce that verdict until after

they have eaten. Certainly we are not prepared to state that an argument based on mere possibility or conjecture is sufficient ground upon which to grant a motion for a new trial. "Substantial error is not presumed, but the burden is upon the appellant to show error". Kabase v. State, 244 Ala. 182, 12 So.2d 766, 767; Washington v. State, 259 Ala. 104, 65 So.2d 704.

As was stated in the case of Oliver v. State, 232 Ala. 5, 166 So. 615, 617, speaking of alleged misconduct of the jury, "Each case is to be judged by its particular facts." Here there is no affirmative evidence that there was misconduct by the jury, or any other officer of the court.

 The third matter which the appellant urges as error is that the jury's verdict was received and he was sentenced during the absence of his counsel from the courtroom. Affidavits, already referred to, disclose that neither of the attorneys for the appellant were present when the verdict was rendered and sentence passed. The defendant was present and the judge polled the jury before they were discharged.

The facts in this case are in substantial accord with those stated in the case of Cantelou v. State, 210 Ala. 648, 98 So. 893, 895. In that case the court said:

"Motion was made for a new trial; one of the grounds most strenuously insisted upon being that the verdict was received in the absence of counsel for the defendant. Affidavits were offered upon the hearing of the motion disclosing the above-stated facts without dispute; but it further appears from the affidavit of the deputy clerk of the circuit court that the jury was polled by the presiding judge. Nor does it appear that any request was made by defendant that counsel be present. It clearly appears from our previous decisions there is nothing in this action of the court of which the appellant can complain. Griffin v. State, 90 Ala. 596, 8 So. 670; Brister v. State, 26 Ala. 107; Simmons v. State, 129 Ala. 41, 29 So. 929. See, also, Whitehurst v. State, 3 Ala.App. 88, 57 So. 1026."

The most recent pronouncement of this court on the right of the defendant and his counsel to be present in the courtroom when the verdict is rendered and sentence passed is the case of Allen v. State, 260 Ala. 324, 70 So.2d 644, where many authorities are discussed. That case differs from the one at bar in that there the jury was not polled.

In accordance with our duty in criminal cases, we have examined the record for any error, whether pressed upon our attention or not. We have considered additional rulings on evidence, the oral charge and rulings of the court on refused written charges. The record is free from reversible error and is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.