189 So.2d 590

Eugene E. SHELLNUT

v.

STATE of Alabama.

4 Div. 268.

Supreme Court of Alabama.

Aug. 4, 1966.

Richmond M. Flowers, Atty. Gen., and Jas. H. Evans, Asst. Atty. Gen., for petitioner.

Wm. J. Benton, Phenix City, opposed.

COLEMAN, Justice.

On a plea of guilty, defendant was convicted in the circuit court of second degree burglary and sentenced to serve seven years' imprisonment. He applied to the circuit court for writ of error coram nobis. The circuit court denied relief and defendant appealed to the Court of Appeals.

The Court of Appeals reversed the judgment of the circuit court and the state now applies to the Supreme Court for certiorari to review the judgment of the Court of Appeals.

We are of opinion that the judgment of the Court of Appeals is correct and that the writ of certiorari prayed for by the state is due to be denied. In view of certain decisions of this court and recent decisions of the Supreme Court of the United States, however, we deem it proper that we state our reasons for so holding.

From the opinion of the Court of Appeals, it appears that defendant was indigent; that the circuit court appointed counsel for defendant; that, on the advice of and while attended by his counsel, defendant entered a plea of guilty; that the plea of guilty was entered by defendant in reliance on the recommendation of the solicitor that defendant would be sentenced to serve thirteen months and be placed on probation; that defendant was not sentenced on the day he pled guilty and sentencing was postponed to a later day; that on this later day, defendant was not represented by counsel; that the court, because of defendant's record, refused to accept the recommendation that defendant be sentenced to serve thirteen months, but, instead, sentenced defendant to serve seven years and denied probation.

The Court of Appeals points out that there is nothing in the record to show that defendant was ever advised, before sentencing, that the situation had changed or of his right to withdraw his plea of guilty and go to trial on the merits. Defendant's counsel

was not present at the sentencing. It is certainly reasonable to presume that counsel, if present, would have advised defendant of the change of circumstances and defendant's right to withdraw his plea of guilty. Therefore, we conclude that defendant was prejudiced by lack of counsel at sentencing. In this respect, the instant case differs from three decisions of this court relied on by the state to support its application for certiorari as follows.

In McCall v. State, 262 Ala. 414, 79 So.2d 51, this court held that the court did not err in receiving the verdict of the jury and sentencing defendant in the absence of defendant's counsel where the court polled the jury before they were discharged. In *McCall*, trial by jury was had on a plea of not guilty and the sentence was fixed by the jury. Here, there was no trial, defendant plead guilty, and sentence was fixed by the court. In *McCall*, so far as we are advised, counsel, if present at sentencing, could have done nothing to advise or assist defendant. In the instant case, as already stated, counsel could have advised defendant to withdraw his plea of guilty and go to trial if that course seemed proper. In *McCall*, absence of counsel did not prejudice defendant, but it did in the instant case.

In Cantelou v. State, 210 Ala. 648, 98 So. 893, the opinion shows that the verdict was received when defendant's counsel was not present. The trial court also polled the jury in *Cantelou*. Moreover, in *Cantelou*, examination of the original record discloses that the verdict was returned in the absence of defendant's counsel on the day of trial, February 26, 1923, but defendant, *Cantelou*, was not sentenced until March 2, 1923, and the judgment recites that, at the time of sentencing, defendant came "in his own proper person and by attorney." In *Cantelou*, defendant's counsel was present at sentencing and that case is of no assistance here.

The third case relied on by the state is Whitehurst v. State, 3 Ala.App. 88, 57 So. 1026. The Court of Appeals held that re-

ceiving the verdict and sentencing defendant in absence of his counsel was not reversible error where the trial court ". . . immediately offered to poll the jury, which the defendant's counsel declined to require . . . ." What the Court of Appeals said in *Whitehurst*, however, is of such prophetic import as to bear repeating here, to wit:

"A person who is indicted for a felony may be extremely ignorant of all forms of criminal procedure, and it is essential to the due and orderly administration of the law that, when a defendant in a felony case employs counsel to aid him in his trial, he shall have his services from the beginning of the trial until it is at an end. He may not know that he has the right of the presence of his counsel when the verdict is received, or when sentence is passed, and a case may occur where a defendant may suffer, through some mistake of a court in the reception of a verdict, or in passing sentence, on account of the absence of his counsel, grave injustice." (3 Ala.App. at pages 89 and 90, 57 So. 1026.)

We come thus to the conclusion that, in the case at bar, the judgment of the Court of Appeals is not contrary to the three decisions of the courts of this state relied on by the state to support its application for certiorari.

It is probably well to observe that regardless of the decisions of the courts of this state, the defendant in the instant case may have good cause to complain that he was denied the assistance of counsel contrary to the holdings in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733; Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977; and similar pronouncements by the Supreme Court of the United States. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114.

In order that no accused person be denied his right to counsel, trial courts may well

**30**

exercise meticulous care to make sure that defendant's counsel be present at every stage of the trial.

Writ denied.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.