260 So.2d 599

Gregg DUIN

v.

STATE.

3 Div. 79.

Court of Criminal Appeals of Alabama.

March 16, 1971.

Rehearing Denied April 6, 1971.

Gatewood A. Walden, Montgomery, Pierce, Duncan, Hill & Russell, Kansas City, Mo., for appellant.

## 694

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

Howard C. Oliver, Montgomery, amicus curiae.

CATES, Judge.

Selling marijuana: sentence fifteen years.

The jury found Duin guilty November 20, 1969. After adjudging him guilty the court remanded the defendant "to jail to await the sentence of the law."

On December 12 the defendant was again before the court, this time without counsel. (R. 6) After allocutus the court sentenced the defendant to fifteen years in the penitentiary.

### I

■ The absence of counsel at sentencing is a denial of due process and hence error. Shellnut v. State, 280 Ala. 28, 189 So.2d 590; Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336; McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2; State v. Austin,[1] 255 La. 108, 229 So.2d 717.

### II

■ There is no statutory form of indictment for any of the offenses involving marijuana. Hence Gayden v. State, 38 Ala. App. 39, 80 So.2d 495, lays down the controlling law. In United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819, we find:

"Where the offence is purely statutory, having no relation to the common law, it is, 'as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the

statute, without any further expansion of the matter.' 1 Bishop, Crim.Proc., sect. 611, and authorities there cited. But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence. An indictment not so framed is defective, although it may follow the language of the statute."

The indictment sub judice reads in part as follows:

"The Grand Jury of said County charge that, before the finding of this indictment, GREGG DUIN, whose name is to the Grand Jury otherwise unknown, did on, to-wit, October 26, 1969, willfully, unlawfully, and feloniously sell marijuana, cannabis Americana or cannabis Indicia, or a compound or mixture containing marijuana, cannabis Americana or cannabis Indicia, against the peace and dignity of the State of Alabama."

It is to be noted that the foregoing fails to state to whom Duin sold. In view of the higher range of punishment, Code 1940, T. 22, § 258(b), as amended by Act 625, August 29, 1969, marijuana selling must now be charged separately from possession. See Tadlock v. State, 45 Ala.App. 246, 228 So.2d 859.

■ In the absence of an excusing statute it is needful to allege the name of the vendee when selling is a part of an offense.[2] Dorman v. State, 34 Ala. 216; Grattan v. State, 71 Ala. 344; Jones v. State, 136 Ala. 118, 34 So. 236; Jones v. State, Okla.Cr., 321 P.2d 432.

---

1. "* * * Sentence imposed without the presence of defendant's attorney is illegal and of no effect, for certain vital issues cannot be raised and important rights may be lost if not raised or exercised prior to this stage of the proceedings."

2. In the Federal cases the office of the originating complaint, the bill of particulars and alternative averments, distinguish decisions such as Collins v. Markley, 7 Cir., 346 F.2d 230.

The instant indictment was filed November 5, 1969. The defendant was arraigned with counsel November 11 and put to trial November 20. No demurrer was interposed.

At the close of the State's case appointed defense counsel moved to exclude the evidence on the sole ground that the testimony made out a case of entrapment. Since the evidence on this point admits of opposite conclusions we cannot ascribe error to the trial court's denial of the motion.

The defendant requested the affirmative charge in writing, both with and without hypothesis. Since the foregoing indictment would not, absent the identity of the seller, support a conviction the court erred in refusing either of these charges. Cagle v. State, 151 Ala. 84, 44 So. 381.

From Shelton v. State, 143 Ala. 98, 39 So. 377 (often yoked with *Cagle*, supra), we also quote:

" * * * As it [count 2 of the indictment] charged no offense, the defendant in his request for instructions had the right to ignore it altogether, since it would not support a judgment of conviction. This being true, he had the right to have the court instruct the jury that they could not convict him under that count. The third written charge requested by defendant should have been given."

The third written charge in *Shelton* was:

"3. The Court charges the jury that, if they believe the evidence in this case, they cannot convict the defendant under the second count in the indictment."

See 17 A.L.R. at 929, where cases on our statute [3] on charging on the effect of the evidence are collated; also 23A C.J.S. Criminal Law § 1145(2), n. 44, p. 361. Though reversed on another point, the

opinion of Samford, J., in Coker v. State, 18 Ala.App. 550, 93 So. 384, seems sound in putting a request for the affirmative charge vis-a-vis a void count in an indictment on the same footing as a motion in arrest of judgment.

This latter manoeuvre in Alabama has been recognized as a "delayed" demurrer. If it is permissible after verdict to raise the question of such a duplicitous averment,[4] then, a fortiori, why should not an earlier motion (which is in essence to dispense with the further time and cost of judge and jury) be more efficacious and hence more commendable?

See also Harmon v. State, 47 Ala.App. 1, 249 So. 369 (Mass. 7th Div. 52, opinion on rehearing Dec. 15, 1970); Commonwealth v. Sheedy, 159 Mass. 55, 34 N.E. 84; McLaughlin v. State, 45 Ind. 338.

### III

As above stated, there was on the instant record no error in denying the motion to exclude because of claimed entrapment. It was on this trial a jury question. No requested instructions were refused.

In view of the need for new trial any instructions written or oral should balance the aspects of entrapment. While entrapment conceptually rests on the formative mental element springing from a government agent, yet in the case of an unlawful sale there is the added factor of a need for a meeting of the minds of vendor and vendee. See Ala.Digest, Criminal Law, ☞37; Henderson v. United States, 5 Cir., 237 F.2d 169; People v. Perez, 62 Cal.2d 769, 44 Cal.Rptr. 326, 401 P.2d 934.

This case was complicated by the use of an undercover police officer as vendee and a CID agent (who did not appear at the trial) claimed to have originated a scheme

---

3. Code 1940, T. 7, § 270: "The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

4. See McGee, Criminal Procedure in Alabama, p. 210.

to send Duin and Demmon to Missouri to gather marijuana.

At another trial the deposition of this agent is available to the defendant if he promptly follows the procedure in Parsons v. State, 251 Ala. 467, 38 So.2d 209, well before the next trial.

### IV

For the error pointed out in II above the cause is remanded. See Code 1940, T. 15, § 258.

Reversed and remanded.