266 So.2d 837

**Louis McINTYRE**

v.

**STATE.**

**3 Div. 110.**

Court of Criminal Appeals of Alabama.

Sept. 12, 1972.

J. Knox Argo, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

I

Both appellant pro se and counsel appointed for him by this court have filed a brief.

Counsel's brief argues against the admissibility of State's Exhibit No. 3. This is a photograph showing the storekeeper-victim of the robbery lying on the floor of his emporium with a vast amount of blood on his upper lip, his throat and shirt front. He had been cut in the throat from ear to ear. There was testimony of his being bludgeoned or knocked down.

Defendant's objection to the reception of this exhibit was on two grounds: (a) "this is a robbery case and not a murder case"; and (b) the picture was "extremely gruesome."

The first ground is settled in Cobern v. State, 273 Ala. 547, 142 So.2d 869. That the defendant was an accomplice does not differentiate the controlling principle that the act of one in a conspiracy is the act of all.

■ The latitude of the implied conferment of agency in a conspiracy is deemed to widen commensurately with the expansion of the heinousness of the act agreed to be done. Williams v. State, 81 Ala. 1, 1 So. 179.

■ Here two of McIntyre's conspirators told him they would use a knife to accomplish the robbery. McIntyre's confession reads in part:

"* * * Question: Who planned the robbery of the store on Robinson Street? Answer: Arthur James Daniels and James Taylor. Arthur told me about the store on Robinson where there was only one old man in it and said it would be easy. He just wanted me to drive and told me it would be easy. I told him I would drive and then he talked James Taylor into pulling the job with him. Question: Whose car did you all use? Answer: Frank Bailey's car, but he did not know what we were going to do. Question: Where were you all when you planned this robbery of the old man on Robinson Street Grocery Store? Answer: At "Na-Na" house. This is in parentheses, Nathaniel Scott. Question: Did you see Arthur James Daniels or James Taylor with a knife? Answer: Arthur James Daniels had a white pearl handled knife. Answer: Arthur James Daniels got rid of it in Florida, and he told me nobody would know what happened to the knife. Question: Is this the same knife Arthur James Daniels and James Taylor used to rob the two service stations in Tavares, Florida? Answer: Yes. Question: Did Arthur James Daniels and James Taylor use a knife when they robbed several service stations in Montgomery before you all robbed the old man on Robinson Street? Answer: The same knife. Question: How would they rob a man in a service station? Answer: Arthur James Daniels and James Taylor would always do the rob-

bing and they would knock the man down and hold the knife on him until they got the money while me and Frank would wait in the car. Question: Did you talk to James Taylor about robbing the old man on Robinson Street? Answer: Yes, James Taylor told me that he and Arthur James Daniels did it, and he was worried about it and Arthur James Daniels had told him not to say anything about it. James told me he was scared of Arthur and that is the reason he had not said anything about it."

The fact that another actually cut the victim's throat in the course of carrying out the robbery under the record made by the prosecution does not reduce McIntyre's guilt.

That the picture was relevant we do not doubt. It starkly illustrates the modus operandi and the degree of assault.

Gruesomeness alone is not an apt ground to exclude a relevant photograph from evidence. Palmore v. State, 283 Ala. 501, 218 So.2d 830.

We have reviewed the record as to the admission of the confession and consider that the pre-*Miranda* and *Miranda* predicates were established. Therefore, we find no reversible error in the trial court's letting the confession go to the jury.

## II

■ Appellant's pro se brief alleges— but points to nothing which was brought to the lower court's attention—that:

1. His jury was the product of systematic exclusion of Negroes, he being a black;

2. He was denied effective assistance by his court appointed trial attorney; and

3. The prosecution used perjured testimony.

None of these three points is anything more than a naked mental conclusion of the appellant. Without evidence in the record pertaining to these claims we have no means of going to their merits. Our review is by law limited to the record before us.

We have reviewed the whole record under Code 1940, T. 15, § 389 and consider that the judgment of conviction below is due to be affirmed with one exception.

## III

■ The trial ended June 9, 1970. After the jury brought in their verdict the court adjudged the defendant guilty as charged and remanded him "to jail to await the sentence of the law."

The following day's minute entry reads in part:

"This day the defendant being now in open Court and it appearing to the Court that the said defendant was duly convicted of said offense on a former day of this term and the said defendant being asked by the Court if he had anything to say why the sentence of the law should not now be pronounced upon him says nothing.

"It is therefore considered and adjudged by the Court and it is the judgment and sentence of the Court that the said defendant be imprisoned in the penitentiary of the State of Alabama for a term of 100 years; * * *."

When a defendant appears at sentence without counsel, in the absence of an express understanding waiver there is a denial of due process. Shellnut v. State, 280 Ala. 28, 189 So.2d 590; State v. Austin, 255 La. 108, 229 So.2d 717; Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 336; McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2; White v. State, 43 Ala.App. 535, 195 So.2d 542; Duin v. State, 47 Ala.App. 693, 260 So.2d 599.

The judgment of conviction is due to be affirmed but the cause is remanded to the lower court for proper sentencing.

Affirmed; remanded for proper sentence.

All the Judges concur.