LONG, Presiding Judge.
The petitioner, Joseph Ward Gentry, filed this petition for a writ of mandamus after James S. Garrett, circuit judge for the 10th judicial circuit, denied his motion seeking to bar his retrial for capital murder. In 1992, the petitioner was convicted of murder during the course of a burglary, an offense defined as capital in § 13A-5-40(a)(4), Code of Alabama 1975. This Court reversed Gentry’s conviction because the jury was allowed to separate over the petitioner’s objections.[1] Gentry v. State, 595 So.2d 548 (Ala.Cr.App.1991). The petitioner was retried and was again convicted, and this court affirmed the trial court’s judgment. Gentry v. State, 689 So.2d 894 (Ala.Cr.App.1994). The Alabama Supreme Court then reversed this Court’s affirmance after holding that the trial court’s instruction on burglary amounted to reversible error because the court’s definition of “remained unlawfully” was erroneous. Ex parte Gentry, 689 So.2d 916 (Ala.1996). (The Alabama Supreme Court specifically stated in its opinion that the state had presented no evidence of a burglary.) After the Supreme Court reversed the petitioner’s conviction, a trial date was set on the original charges of capital murder. The petitioner filed a motion seeking to bar his retrial and arguing that any attempts to retry him for capital murder based on the burglary offense would violate the Double Jeopardy Clause of the United States Constitution. Judge Garrett denied the motion; this petition followed.
Initially, we must determine if mandamus is the appropriate method by which to review Judge Garrett’s pretrial ruling. The Alabama Supreme Court in Ex parte Ziglar, 669 So.2d 133, 135 (Ala.1995), resolved this issue, holding:
“We are satisfied that a criminal defendant with a double jeopardy defense should not be foreclosed from pretrial correction' of a trial judge’s erroneous denial of a plea of former jeopardy. Therefore, the appellate courts of this State will review double jeopardy claims properly presented by petitions for writ of mandamus. See Rule 21(e), Ala.R.App.P. This procedure will adequately protect the interest of a defendant_”■
The petitioner specifically argues that because the Alabama Supreme Court con- *140 eluded that there was insufficient evidence to prove the underlying offense of burglary the state is foreclosed from retrying him on the charge of murder made capital because it was committed during a burglary.[2] Essentially the petitioner contends that because he was, in effect, acquitted of the burglary chargé, any attempt to retry him for capital murder based on that underlying charge would violate the Double Jeopardy Clause.
The Alabama Supreme Court, in reversing Gentry’s conviction, stated:
“There is no evidence of a burglary in this case. Gentry simply used the key that Hill had given him to enter her apartment. When she returned home, he killed her. There was no separate crime of burglary simply because one could infer that she realized he was attacking her and therefore may or must have ‘revoked his privilege to remain.’ It was, therefore, error to instruct the jury that for purposes of determining whether the defendant had committed a burglary, ‘the fact that the victim had terminated the defendant’s license or privilege to be present in the victim’s apartment can be inferred from, the circumstances that a struggle took place.’ This jury instruction had the effect of relieving the State of its burden of presenting a prima facie case of burglary. The burden is on the State to offer sufficient evidence to prove each element of a charged offense. Warren v. State, 292 Ala. 71, 288 So.2d 826 (1973).”
689 So.2d at 921. (Emphasis in original.)
This court is bound by the decisions of the Alabama Supreme Court. § 12-3-16, Code of Alabama 1975. This court has strongly urged the Alabama Supreme Court to modify its holding in Gentry. In Davis v. State, [Ms. CR-95-1953, July 3, 1997] — So.2d -, - (Ala.Cr.App.1997), we stated:
“Before the Alabama Supreme Court’s holding in Gentry, this court could have affirmed [Davis’s] conviction for murder during the course of a burglary, even if we were to concede' that [the appellant] may initially have been licensed or privileged to be inside Harrington’s residence. Before Gentry, the courts of this state had consistently held that evidence of a struggle and murder inside the victim’s dwelling was sufficient to establish that any initial license to enter had been withdrawn.... However, an entire line of cases, ... cases proven by circumstantial evidence similar to the evidence in this ease where convictions of murder during the course of a burglary were affirmed on the basis that evidence of a struggle was sufficient to establish that any license that the defendants may have had to be in the victim’s dwellings had been revoked — was ' overruled by the Alabama Supreme Court’s holding in Gentry. The Supreme Court’s stated intention in Gentry was to prevent conviction for a capital murder committed during the course of a burglary based on the mere fact that the murder took place inside a dwelling. However, while the holding in Gentry may have resolved a specific problem presented by the circumstances in that case, it has created a new problem for those burglary cases where the occupant of the dwelling is murdered, there are no signs of forced entry, and there is no direct evidence as to how the defendant entered the dwelling. Gentry severely curtails the possibility of establishing the revocation of license by the victims in such cases.”
We note that the Alabama Supreme Court recently granted the State’s petition for cer-tiorari review in Davis.
The state contends in its answer to the petition that Gentry can be retried on the charge of burglary/murder because, it argues, the Alabama Supreme Court did not hold that there was insufficient evidence of burglary presented at trial but rather modified its previous interpretation of the phrase “remains unlawfully” in the burglary statute. Its contends that a new interpretation of a statute on appeal of a conviction under that statute does not bar a retrial. However, the state cites no law in support of this contention.
*141 It has long been established that a reversal based on insufficient evidence bars a retrial for the same offense. As the United States Supreme Court stated in Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978):
“The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is central to the objective of the prohibition against successive trials. The Clause does not allow ‘the State ... to make repeated attempts to convict an individual for an alleged offense,’ since ‘[t]he constitutional prohibition against “double jeopardy” was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.’ Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957); see Serfass v. United States, 420 U.S. 377, 387-388, 95 S.Ct. 1055, 1061-1062, 43 L.Ed.2d 265 (1975); United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971).”
While the Aabama Supreme Court in Ex parte Gentry based its reversal on the fact that the trial court erred in its jury instructions on burglary, in reaching its decision the Court specifically found that the state had not presented sufficient evidence of a burglary. “[w]hen a judgment is reversed on the basis of an irregularity, not going to the validity of the conviction, an appeal by the defendant causing a reversal does not put the defendant twice in jeopardy.” Nelson v. State, 452 So.2d 1367, 1369 (Ala.Cr.App.1984). (Emphasis added.) The Aabama Supreme Court’s reversal was based on its finding that no evidence of a burglary was presented at trial. The Court’s holding went to validity of the conviction and, thus, resulted, in effect, in acquitting Gentry of burglary. Nelson; Allen v. State, 260 Ala. 324, 70 So.2d 644 (1954). Therefore, to retry Gentry for capital murder arising out of a murder committed during a burglary would violate the principles of double jeopardy.
However, this Court’s holding that Gentry may not be retried for burglary does not bar the state from proceeding against him for murder as defined in § 13A-6-2, Code of Aabama 1975. For the foregoing reasons, this petition is due to be granted.
PETITION GRANTED.
All the judges concur.

. This law has been modified. Section 12-16-9, Gode of Alabama 1975, specifically authorizes a trial court, in its discretion, to allow a jury to separate in all trials, both capital and noncapital. In Stewart v. State, [Ms. CR-90-415, September 26, 1997] — So.2d - (Ala.Cr.App.1997), this court held that § 12-16-9 specifically repealed Rule 19.3, Ala.R.Crim.P., to the extent that it conflicts with § 12-16-9.

. The petitioner admits in his brief to this court that he can be retried on a charge of murder, as that offense is defined in § 13A-6-2, Code of Alabama 1975.