McMILLAN, Judge.
The appellant, Jason Lamar White, pleaded guilty to first-degree theft of property. He was sentenced to five years in the penitentiary, and he was ordered to pay a $250 fine and $50 was assessed to go to the' crime victim’s compensation fund.
The appellant argues that his right to representation by counsel at all critical stages of his proceedings under the Sixth Amendment of the United States Constitution was violated because his court-appointed attorney was not present at his sentencing. Although his court-appointed attorney was present at his guilty plea hearing, the following excerpt from the transcript of his sentencing hearing indicates that he was not represented during that hearing:
“THE COURT: We are here in Case CC-97-2457, State of Alabama v. Jason Lamar White. The record in this case reflects that on April 6, 1998, you appeared before this Court through your attorney Jennifer Foley and pled guilty to the charge of theft of property in the first degree. Is Ms. Foley here?
“THE DEFENDANT: No, ma’am.
“MR. DILL (assistant district attorney): I think that Ms. Foley has left private prae- *364 tice and has gone to work for some other corporation or something like that.
“THE COURT: Do you remember being here with her at that time?
“THE DEFENDANT: Yes, ma’am.
[[Image here]]
“THE COURT: All right. Now, Mr. White, it appears that the attorney who represented you at the time of your plea is no longer in private practice; do you understand that?
“THE DEFENDANT: No, ma’am.
“THE COURT: Well, she is not practicing law any more, and that’s the reason she’s not here.”
As the State concedes, the above exchange indicates that the appellant’s right to counsel was, in fact, violated. The Supreme Court of Alabama stated in Hill v. Bradford, 565 So.2d 208, 210 (Ala.1990):
“The Sixth Amendment to the United States Constitution guarantees defendants the right to counsel in all criminal prosecutions. U.S. Const. Amend. VI. See also Ala. Const, art. I, § 6. Appointment of counsel for an indigent defendant is required at every stage of a criminal proceeding where the substantial rights of the accused may be affected. Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). Sentencing is regarded as a critical stage, and an indigent defendant is entitled to the assistance of appointed counsel unless he waives that right. See Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Shellnut v. State, 280 Ala. 28, 189 So.2d 590 (1966).”
The record indicates that the appellant not only did not waive his right to counsel, but was uncertain as to why his previously appointed counsel was not present. Therefore, we remand this cause with instructions to hold a new sentencing hearing where the appellant is represented by counsel. Due return shall be madé to this Court within 42 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS*
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.

 Note from the reporter of decisions: On February 5, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.