VENA T. WHITNEY, In Equity, *vs.* KATHERINE J. JOHNSTON.

Knox. Opinion October 31, 1904.

*Set-off of costs. Decree in Equity. Exceptions. R. S. 1903, c. 79, § 22.*

1. After a mandate in an equity proceeding of "Bill dismissed with costs" has been received from the law court, a single justice has no power to stay judgment and execution. He cannot enlarge, limit or modify the scope of the mandate.

2. Nothing remains after such a mandate is received except to enforce it according to its terms.

Exceptions by plaintiff. Overruled.

This was a suit in equity to remove a cloud upon title to real estate in Knox County. The law court being of the opinion that the plaintiff's remedy was at law, sent to that county the rescript, "Bill dismissed with costs." The rescript was received, entered and filed March 17, 1904, but no costs have been taxed or execution issued.

On April 19, 1904, the plaintiff began a real action against the defendant, to recover the same land as in the equity suit, and filed in the equity suit a motion to stay judgment and execution in that suit until the real action should be determined, in order that such sums as she might recover in that action for damages and costs might be set off against the costs in the equity suit.

This motion came on to be heard before the presiding justice who ruled that he had no power to grant the motion at that stage of the cases, and accordingly denied the same.

To this ruling the plaintiff excepted.

*D. N. Mortland and R. I. Thompson*, for plaintiff.

The power to set off one judgment against another does not rest upon any statute, but upon the general jurisdiction of courts over their suitors, and the general superintendence of proceedings before them.

True the defendant has not asked for a formal order or decree that execution issue, but we were not obliged to wait for such decree or order. We contend that the case was still in the hands of the court to make such order or decree as justice or equity required and it was in the discretion of the justice to either grant or deny the motion or petition. I do not claim that the question as to whether or not such a stay or set-off should be granted, is before this court. The question here is, as to whether or not a justice of this court under the circumstances has the power, in his discretion, to grant the motion. It is a power incident to courts of equity and was for a long time exercised exclusively by them. But it is now established that the power to set-off one judgment against another is incident to courts of law as well as to courts of equity, and that judgment for one party may be withheld until the other, by using due diligence, shall obtain his judgment, so that the other may be set-off against the other, or that one execution may balance the other. *Hutchins* v. *Riddle*, 12 N. H. 464; *Smith* v. *Woodman*, 28 N. H. 520; *Adams* v. *Manning*, 17 Mass. 180; *Ocean Ins. Co.* v. *Brown*, 20 Pick. 259; Parson on Contracts, Vol. 2, 754.

*J. E. Moore*, for defendant.

The equity suit was ended March 17, 1904, and could not be further heard unless on some petition for a review of the whole case and not of some part of it. The clerk did not bring the action forward on his April term 1904 docket.

We do not think such a decree is necessary to end an equity suit under such circumstances. The judgment of the law court in this case was not an affirmation of any rights or duties to be declared and

enforced by an execution decree. It was a simple negation of the plaintiff's claim. It stopped the suit; dismissed, ended it. The entry on the docket was a decree to be formulated by the clerk in the extended record. It sufficiently effectuated the order of dismissal.

The suit being ended March 17, 1904, judgment was of that date or of the prior January term, 1904. All that remained to be done was for the defendant to tax and attend to the collection of her costs and her attorney had only that duty to perform and could not otherwise bind the defendant, and service could not be made upon him as to any further proceedings.

Even if it were in the power of any justice of the court to alter a decree as to costs, especially as to costs in an equity suit, it is wholly matter of discretion. Costs in an equity suit are not recovered as a matter of course without a special decree, as we have seen, though generally allowed to the prevailing party. Their allowance therefore, must be a matter of discretion and perforce, any change in relation to them in any way must be the same. So if the presiding justice had the power to control their payment it must be only discretionary.

He could not have a right in law to make any order in reference to them. The ordering of them was an exercise of the discretion of the supreme court in chancery and a single justice could not have the legal right to overrule it or do anything about them.

No appeal will be allowed from a decree upon mere matter of discretion, as in the case of granting or refusing costs. Whitehouse, Eq., Par. 619 and N. 9 and 10.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

SAVAGE, J. This bill in equity to remove a cloud upon the title to real estate, has once before been before the law court. The court being of opinion that plaintiff's remedy, if any, was at law, and not in equity, sent down the following mandate, "Bill dismissed with costs." The bill of exceptions states that no costs have been taxed or execution issued, and we assume that no formal, final decree has

been signed by a single justice, although the bill is silent upon this point. After the mandate was received, the plaintiff began a real action against the defendant to recover the same real estate, and filed in the equity suit a motion to stay judgment and execution in that suit, until the real action should be determined, in order that such sums as she might recover in that action for damages and costs might be set off against the costs in the equity suit. The justice sitting below ruled that he had no power to grant a motion at that stage of the cases, and accordingly denied the same, to which ruling exceptions were taken.

We think the exceptions must be overruled. Revised Statutes, chap. 79, sect. 22, provides that after the mandate is received from the law court a "decree shall be entered therein by a single justice, in, accordance with the certificate and opinion of the law court." The decree must follow the mandate. A single justice cannot enlarge or limit or modify the scope of the mandate. He cannot hinder or delay its execution. He must enter the decree in accordance with the mandate, and then he can only cause the decree to be executed. He may, no doubt, issue subsidiary process, if necessary, to enforce the decree, but he cannot issue a restraining order to prevent or delay its enforcement. Nothing remains after the mandate is received except to enforce it according to its terms.

*Exceptions overruled.*