344

JAMES A. SIMPSON ET AL

*vs.*

RICHMOND WORSTED SPINNING CO. ET AL.

Sagadahoc.    Opinion October 3, 1929.

*George W. Heselton,*
*Fred F. Lawrence,* for plaintiffs.
*James A. Pulsifer,*
*J. E. Reagan,* for defendants.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, FARRINGTON, JJ.

DUNN, J.    The appeal and the exceptions in this equity case raise the same question. *Turner* v. *Hudson,* 105 Me., 476.

James A. Simpson, the payee of an overdue promissory note, pledged it. Then, he and his pledgee brought this suit against the

makers of the note, and in the same bill sued the Richmond Worsted Spinning Company, a corporation which the makers had formed.

Jurisdiction over the makers or their property never was obtained. One Harry L. Pond interposed and became a party to the pending proceeding. The corporation went to receivership.

In the receivership, decree was entered directing the deposit in court of certain money to await determination whether the money should go to the plaintiffs, or either of them, or to the intervener. The deposit was accordingly made. Thereupon the receivers were dismissed from this litigation.

Pond, the intervener, charges fraud on the part of Simpson, one of the plaintiffs, concerning the sale of an option, asserted theirs in equal ownership, though it stood solely in Simpson's name, for the purchase of a spinning mill at Richmond, Maine.

There is prayer that against Simpson may be the entry of judgment for Pond for the amount which shall be found to be his due; and that, toward the satisfaction of such judgment, the money on deposit may apply, on proof of the agreement by the corporation to pay the note in suit — the last of three notes given Simpson on assignment and transfer by him of the option that the spinning mill corporation in succession acquired.

Replication by the plaintiffs leaves no charge or assertion of the intervener undenied.

On bill, answer, replication and proof, there was full hearing. The question of liability, the extent thereof, whether a certain release were bar to recovery, all these and other matters were in evidence.

Final decree, adverse to the intervener, was signed, filed, and entered. An appeal was made. The appeal was sustained, and the decree below reversed. The mandate of the appellate court remands the case for proceedings in accordance with the opinion. 128 Me., 22.

Undecided only by the appellate court is, if there had been reimbursement to Simpson for the five hundred dollars paid by him for the option; if unreimbursed, he to have credit in the proceedings. 128 Me., 22.

The case being back, plaintiffs filed below their motion to decree

that they account to the intervener to enable them to present different questions than had been presented, or even suggested, before.

· The motion was overruled.· No evidence was introduced.

So, nothing remained to do, preliminary to final decree, but to assemble the figures, compute the interest, and strike the balance from the record theretofore made.

This the Justice did, without the intermediate assistance of a master, as it was competent for him to do. Then he wrote his decree.

Plaintiffs' appeal and exceptions lack savor.

The law of the case could not rise higher than its source. It was for the lower court, bound by the mandate, to proceed in all the subsequent stages of the cause "in accordance with the opinion." *Whitney* v. *Johnston*, 99 Me., 220; *Farnsworth* v. *Whiting*, 106 Me., 543; *Fenderson* v. *Franklin, etc., Company*, 121 Me., 213.

Appellants make no attack on the decree, except upon the whole of it, and in such respect the assault must fail.

*Exceptions overruled.*
*Appeal dismissed.*
*Decree below affirmed.*