James Sidney **KEYES**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18132.

United States Court of Appeals
Ninth Circuit.

Feb. 11, 1963.

William F. Lockett, Seattle, Wash., for appellant.

Brockman Adams, U. S. Atty., and David J. Dorsey, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and CROCKER, District Judge.

PER CURIAM.

Appellant on February 7, 1962, was convicted by a jury of violating 18 U.S. C. § 2312 (No. 18131). On February 8, 1962, 9 Cir., 314 F.2d 119, the district judge admitted appellant to bail pending imposition of his sentence. At the time of the approval of the bail bond, the district judge in open court in the presence of appellant and his counsel ordered appellant not to leave the Western District of Washington pending imposition of his sentence, without the express permission of the court.

On March 5, 1962, the time set for the imposition of his sentence, the appellant, after first denying that he had left Washington since his conviction, admitted to the district court that he had gone to Portland, Oregon, and stayed there three or four days without obtaining the permission of the district court. The district judge found appellant to be in contempt and in a later proceeding sentenced him to six months' imprisonment, said imprisonment to be consecutive to the sentence imposed for appellant's violation of 18 U.S.C. § 2312. This is a timely appeal from the sentence for contempt.

On this appeal appellant admits that he was in contempt, but contends that the imprisonment imposed was excessive. Punishment for the contempt was within the sound discretion of the district court and in the absence of an abuse thereof cannot be disturbed on appeal.[1] We see no abuse in this case.

Judgment affirmed.

1. See Green v. United States, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958).