HAROLD J. CLUKEY
*vs.*
STATE OF MAINE

Penobscot.    Opinion, June 29, 1964.

*Norman S. Reef,* for Plaintiff.
*John W. Benoit, Asst. Atty. Gen.,* for State.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

WEBBER, J.   In 1962 the petitioner, Harold J. Clukey, was tried by a jury upon an indictment charging a felony. In the course of the trial the presiding justice concluded

that certain words uttered by a witness for the State and an inquiry on the part of counsel for the State during a colloquy with the court might improperly prejudice the mind of the jury against the then respondent. In the absence of the jury the presiding justice expressed this concern to counsel and indicated that if the respondent desired to request an order for mistrial such request would be granted. The respondent then conferred with his counsel who thereafter stated to the court: "May it please the Court, the defendant instructs me to move for a mistrial." The motion was granted forthwith. Two days later the respondent, still represented by the same counsel, pleaded guilty to the charge which had been the subject of the trial so abruptly terminated. He was thereupon sentenced and is now in custody.

On July 23, 1963 Mr. Clukey filed a petition for the writ of error *coram nobis*. Upon his request for new counsel and proof of indigency his present attorney was appointed by the court. The petition in effect charges that at the time of his conviction and sentence the petitioner was "not represented by adequate counsel" and that this inadequacy was evidenced by the failure of counsel to assert on his behalf the plea of double jeopardy. The petitioner makes no other accusation of lack of skill or diligence on the part of his former attorney. The underlying and decisive question is whether or not there was any occasion for competent counsel to claim double jeopardy under the circumstances then existing. The justice below denied the petition and the petitioner's appeal is before us.

The principles which govern mistrial were fully set forth in *State* v. *Slorah*, 118 Me. 203, 209, 106 A. 768, 771, as follows:

"Certain conditions, if arising in the trial of a case, have come to be well recognized as constituting that 'urgent necessity' which will warrant the discharge of a jury, and if they appear of record

> *will bar a plea of former jeopardy:* (1) *the consent of the respondent,* (2) illness of the court, a member of the jury, or the respondent, (3) the absenting from the trial of a member of the panel or of the respondent, (4) where the term of court is fixed in duration and ends before verdict, (5) where the jury cannot agree." (Emphasis ours.)

The statement above quoted was incorporated in the opinion of the court and in the dissenting opinion in *State* v. *Sanborn,* 157 Me. 424, 440, 457, 173 A. (2nd) 854, 862, 871. The law is settled that where mistrial is ordered upon the respondent's motion or with his consent he can thereafter be tried anew upon the same charge. The petitioner seems not to disagree. His position, if we understand it correctly, is summarized by one sentence in his brief: "We had no consent in this case, although the record reveals that there was consent." As to this we can only say that the record before us stands uncontradicted. There is not a scintilla of evidence to cast doubt upon the decisive fact that the petitioner not only consented to the mistrial but initiated that action by motion after being given leave to do so by the court. The petitioner could not thereafter avoid a new trial or his subsequent conviction by claiming double jeopardy and his then counsel had no reason to suggest such a futile action. For reasons of his own not apparent or important here, the petitioner saw fit to waive his right to a new trial and to offer a plea of guilty. Upon his plea he was convicted and properly sentenced. He shows no reason why the writ of error *coram nobis* should issue.

*Appeal denied.*