[No. 38668.    Department One.    December 29, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. BRADFORD A. CAFFREY, *Appellant*.*

*Bradford A. Caffrey,* pro se.

*Richard A. Nelle* and *William A. Gardiner,* for respondent.

JAMES, J.†—Appellant, a member of the bar, was found guilty of contempt of court. The trial court's oral ruling was formalized by an order entitled "Order Punishing Contempt in Presence of Court," reading as follows:

BE IT REMEMBERED that at the commencement of the motion calendar before the above-entitled Court at 1:30

*Reported in 422 P.2d 307.

---

†Judge James is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

o'clock P.M. on the 5th day of November, 1965, BRADFORD A. CAFFREY addressed the Court pertaining to Kenneth E. Kenoyer, defendant in Whatcom Criminal Cause No. 7511. The Court determined by inquiry of the prosecutor and by examination of the files and the calendar that there was nothing to come before the Court at said time in connection with the Kenoyer case and so announced in open court.

MR. CAFFERY then began addressing the Court in a a loud, angry, insulting and contemptuous manner. The Court asked him to sit down but he continued, whereupon the Court again asked him to sit down, and when he still continued, the Court asked the undersheriff to take care of the situation. Mr. Caffrey still in a disorderly, contemptuous and insolent manner said: "It won't be necessary, Your Honor, I'm getting out of this court, if you can call it a court". The Court then ordered Mr. Caffrey held for contempt of court committed in the presence of the court under authority of RCW 7.20.010.

At the close of the business on the motion calendar the said BRADFORD A. CAFFREY was at the hour of 4:50 o'clock P.M. on said day brought before the court whereupon the Court ordered said Caffrey confined to the county jail for a period of ten days.

Now, THEREFORE, IT IS HEREBY ORDERED that BRADFORD A. CAFFREY is guilty of contempt of court in that he acted in a disorderly, contemptuous and insolent manner toward this court as afore-said.

IT IS FURTHER ORDERED that said BRADFORD A. CAFFREY shall be, and hereby is, punished for such contempt by confinement in the county jail for a period of ten days.

Dated this 8th day of November, 1965.

The incident which provoked the court's ruling is fairly summarized in the order. Appellant fails to make proper assignments of error, but contends: (1) That his conduct was not contumacious, and (2) that the punishment imposed was, in any event, excessive.

Three types of contempt proceedings are recognized in this jurisdiction. A criminal contempt statute defines certain acts related to the administration of justice as misdemeanors. RCW 9.23.010. A general contempt statute, RCW 7.20.010 enumerates 12 acts or omissions which may con-

stitute contempt of court which can result in either punishment or coercive relief. Independent of, but pervading the statutory specifics is the inherent power to punish for contempt derived from the constitutional origin of the court. *State v. Estill*, 55 Wn.2d 576, 349 P.2d 210 (1960); *Keller v. Keller*, 52 Wn. 2d 84, 323 P.2d 231 (1958). Both statutes define as contempt of court, "disorderly, contemptuous or insolent behavior" in the presence of the court. Both the common law and the general statute authorize summary punishment if contempt is committed in the presence of the court. *Keller v. Keller, supra.*

In his brief appellant characterizes as the "fatal" words his expression "if you can call it a court." He states that he uttered them with his back to the court as a "Shakespearean aside"; that they were spoken softly and that he did not intend the court to hear them. He avers that "it is most unfortunate that the judge's ears are so acute." He justifies his conduct as a "slip of the tongue" which took place in the "heat and excitement" of the occasion.

■ The trial court's order recites that appellant addressed the court in a "loud, angry, insulting and contemptuous manner." In *State v. Zioncheck*, 171 Wash. 388, 394, 18 P.2d 35, (1933), it is stated:

[M]uch depends upon the manner, expression and attitude of the party adjudged in contempt in addressing the court or other person in using the language held improper. A finding of contempt is not necessarily based alone upon the language used. The contempt may largely exist in the m a n n e r in which the words are spoken, . . . .

■ It is our view that appellant's version of the incident evidences an even more contemptuous attitude than that recited by the court. A "Shakespearean aside" intended only for the ears of those present in what appellant himself describes in his brief as a "court room crowded with attorneys" implies deliberate, not spontaneous malediction.

■ Punishment for contempt of court is within the sound discretion of the judge so ruling. Unless there is abuse of a trial court's exercise of discretion, it will not be

disturbed on appeal. *Keyes v. United States,* 314 F.2d 123 (9th Cir. 1963); *Green v. United States,* 356 U.S. 165, 2 L. Ed. 2d 672, 78 Sup. Ct. 632 (1958).

In considering appellant's plea that the punishment imposed was excessive, it must be borne in mind that his conduct was deliberate. A similar situation was considered in *In re Willis,* 94 Wash. 180, 186, 162 Pac. 38 (1917), where it was said:

> But, in determining what would be a proper punishment, sight must not be lost of the fact that the appellant's conduct was deliberate. It is not one of those cases where an attorney, in the heat and excitement of a trial, may so far forget himself as to overstep the bounds of propriety, and transgress proper judicial decorum.

Before imposing sentence the trial court permitted appellant to make a statement. His statement was:

> I would like to at this time state several things, chiefly of which—both of which amount to an apology. I want the Court to realize that I am not saying this merely for the sake of brown-nosing, so to speak, but I am saying it because I sincerely regret having caused any harm or detriment to my profession. In my field of defending a criminal client against the prosecutor, an underhand remark that I admit was impertinent should not have been said. I regret having said it. It was a slip of the tongue, and it was not the type of a thing that was directed personally to this Court, but I regret that it caused any inconvenience or harm to the Court, sitting as a court, because I do respect the Courts of law in this state, in any state, and I want the Court to realize that this is a sincere apology for having caused any inconvenience to any court in the state that I practice at. Thank you for the opportunity.

This "apology" to the "profession" and to "any court in the state that I practice at" was hardly calculated to impress the trial court with appellant's contrition.

The record further discloses that the trial judge was asked to and did consider suspension of the balance of the sentence after appellant had spent one night in the county jail. In declining the request the judge observed that not

only the immediate incident but prior performances of appellant persuaded him that appellant's conduct was deliberate. The record indicates no abuse of discretion.

The judgment is affirmed.

HILL, OTT, HUNTER, and HAMILTON, JJ., concur.