**STATE of Maine**

**v.**

**Grover G. ALEXANDER.**

Supreme Judicial Court of Maine.

Oct. 17, 1969.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for plaintiff.

Grover G. Alexander, Gray, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

DUFRESNE, Justice.

On July 7, 1967 Grover G. Alexander, an attorney-at-law, was summarily adjudged guilty of criminal contempt for disrespectful, defiant and insolent conduct in the course of a civil trial in which he represented the plaintiff. He was sentenced to imprisonment in the county jail for the term of 5 days and ordered to pay a fine of $500. Surrendering himself to the Sheriff, Alexander at the same time filed a petition for the writ of habeas corpus before a Justice of this Court who issued the writ

and ordered a hearing thereon. From the subsequent dismissal of the writ, an appeal was taken to this Court. Alexander v. Sharpe, 1968, Me., 245 A.2d 279. Although the appellant had erroneously sought appellate relief from the contempt proceedings through habeas corpus and could have been summarily refused consideration for such error, this Court nevertheless proceeded to grant the requested review, treating the case as though the appellant had properly appealed from the contempt judgment.

Our Court, in its opinion, affirmed the lower court's finding of guilt as it stated at page 283 thereof that "[p]etitioner's accusation of prejudice [against the presiding justice] was clearly an act of contempt of court." However, due to the lower court's failure to comply with the requirements of Rule 42 (a), M.R.Crim.P., the appeal was sustained and the case was ordered remanded to the Superior Court for Cumberland County "where the Justice below shall file the certificate provided for in M.R.Crim.P., Rule 42 (a), and, upon notice to petitioner, shall have him brought before the same Justice in that Court for sentence."

In compliance with the mandate, the justice below filed the following certificate on August 29, 1968:

" STATE OF MAINE

Cumberland, ss          Superior Court

In Re: Grover G. Alexander
            Defendant in Contempt

I hereby certify that I was the Presiding Justice at a Term of our Superior Court begun and held at Portland, within and for the County of Cumberland on the first Tuesday of June A.D. 1967, and that on July 6, 1967, at a session of said Court, during the trial of the civil actions of Edison A. Doughty, Jr. and Edison A. Doughty, Sr. vs. Oscar L. Anderson, civil docket numbers 67–230 and 67–231, at a time in the examination of the witness Richard L. Johnson, in open

Court, in the presence of the Court and the Jury hearing the case, Grover G. Alexander, Esq., counsel for the Plaintiffs, made the following statements and conducted himself in the following manner, to wit:

He accused the Presiding Justice of being prejudiced against him by stating to the Court: 'I think it demonstrates your prejudice without doubt.'

Almost immediately before making the above statement, at a time when the Presiding Justice was speaking and admonishing Plaintiffs' counsel to be orderly, the said Grover G. Alexander, Esq., standing directly before the bench, continued to speak in a tone of voice and manner both rude and disrespectful, and belligerently shook his finger at the Court while continuing to address the Court, refusing to heed the Court's admonition.

I do further certify that the foregoing conduct and language of Grover G. Alexander, Esq., was committed in open Court, in the presence of the Presiding Justice and that it was seen and heard by me as such Presiding Justice, and was also seen and heard by the Jury selected to serve as jurors in the cases and sitting in the jury box.

And I do further certify that on July 7, 1967, I found the said Grover G. Alexander, Esq. guilty of contempt of Court on the basis of the language and conduct of the said Grover G. Alexander, Esq. as specifically set forth above, which language and conduct I found contemptuous of the Court, degrading to the administration of justice and disrupting to the orderly procedure of the Court.

Dated at Portland, Maine this twenty-ninth day of August 1968.

/s/ [Presiding Justice]
Justice, Superior Court"

Pursuant to the suggestion of this Court at page 286 of its opinion, the appellant was offered before resentence opportunity for allocution, a right which he fully exercised. The presiding justice again condemned Alexander to imprisonment in the county jail for the term of 5 days and in addition thereto to pay a fine of $500. An appeal to this Court was filed forthwith and execution of the sentence was stayed pending its determination. Prior to perfection of his appeal appellant on September 6, 1968 made a motion before the justice below for a judgment of acquittal and, in the alternative, for a new trial on the grounds that his constitutional rights of due process and to jury trial had been violated, points of grievances which he had fully developed in his previous appeal and which have been decided against him by this Court. Alexander v. Sharpe, supra. These motions were dismissed by the presiding justice for want of jurisdiction. The appellant renews in his points on appeal all these previously considered grievances of alleged constitutional dimension underlying his motion for acquittal or for new trial, and in addition thereto claims error below for the following reasons:

"9. The present conviction and sentence is barred by reason that the appellant has been formerly placed in jeopardy for the same alleged offense."

"12. The inclusion in the present record of a certificate wherein conduct on the part of the appellant is alleged outside of the reported record, and the denial of the right of appellant to produce contrary evidence by way of a new trial or otherwise deprives appellant of due process as provided by the State and Federal Constitutions as hereinbefore set forth."

"13. The Court erred in dismissing Appellant's Motions for acquittal, New Trial and otherwise."

"14. The punishment is harsh and excessive and is prohibited by State and Federal Constitutions."

The remand from this Court was clear and unambiguous; it contained no

intricate problems of execution. Our opinion in Alexander v. Sharpe, supra, indicated this Court's single concern which arose from the lower court's non-compliance with the requirements of Rule 42 (a), M.R.Crim.P. We pointed out that without the justice's certificate we could only infer that the proffered accusation of prejudice against the presiding justice exemplified in the record on appeal was the basis—*and the only basis*—of the judgment and sentence. Our mandate to the Superior Court permitted it to resume jurisdiction of the case but with specific instructions limiting its action therein to the filing of the required certificate and the resentence of the appellant. We may assert anew that "[t]he purpose of Rule 42 (a) is to present to a reviewing court a full and clear statement of the facts out of which the contempt arose so that that court may determine whether the action of the committing court was within its jurisdiction and whether its action was just or arbitrary." Alexander v. Sharpe, supra, at page 288. This Court concluded that a person's right of appeal from a conviction of contempt in summary proceedings necessitates as a matter of due process that all the essential facts supporting the finding of guilt be extended in written certificate as required by Rule 42 (a), M.R.Crim.P., so that appellate review of the lower court action may be meaningful. Conviction should not rest on presumptions or inferences, nor on facts which did not occur in the presence of the court. The remand for the filing of the certificate and for resentence did not set aside the lower court's adjudication of appellant's guilt of contempt. This Court has the power and authority to open the penalty aspect of the judgment without affecting the finality of the adjudication of guilt. The presiding justice has now strictly complied with the plain terms of this Court's mandate. He could not vary it, nor examine it for any other purpose than its execution. He could not give the appellant any other or further relief. Sibbald v. United States, 1838, 12 Pet. 488, 9 L.Ed. 1167. Our Court has so stated the rule in civil cases. See, Whitney v. Johnston, 1904, 99 Me. 220, 58 A. 1027; Simpson v. Richmond Worsted Spinning Co., 1929, 128 Me. 344, 147 A. 426. A like rule is applicable in criminal cases. United States v. Howe, 1922, 2d Cir., 280 F. 815, 23 A.L.R. 531. See, State v. Cole, 1923, 123 Me. 340, 122 A. 871; In re Hume, 132 Me. 102, 167 A. 79.

■ This Court's mandate finally ended the case so far as the adjudication of guilt was concerned and the lower court's jurisdiction was limited to the specific stated purposes expressed in the remanding order. Where from its terms no intent can be discerned on the part of this Court to vacate the lower court's adjudication of guilt of contempt to permit a new finding in the light of the filing of the certificate, the scope of the instant appeal from the judgment of resentence must be limited to matters arising in connection with the second sentencing and the appellant's motion for acquittal or, in the alternative, for a new trial was not jurisdictionally before the court and was properly dismissed. Flowers v. United States, 1936, 8th Cir., 86 F.2d 79.

■ Appellant objects to the lower court's description in the certificate of counsel's conduct outside of the printed record on appeal which, he says, influenced the presiding justice in meting out the particular sentence which he gave him. This objection is without merit. The purpose of the certificate under Rule 42(a), M.R.Crim. P., is precisely to get as full a picture as words can portray of the contemptuous conduct. The stenographic record will not pick up such elements of in-court misbehavior as rude and disrespectful tone of voice or manner of address, nor the shaking of one's finger at the court in a belligerent way. The complete depiction of the courtroom scene must be left to the justice's ability to reflect the same in his certificate and its reliability must be placed on his fairness and objectivity. The appellant has no more right to controvert the truth of that phase of the recited facts in

the present posture of the case than he did at the time of the adjudication of his guilt which led to his first appeal. Stern, Pet'r v. Chandler, 1957, 153 Me. 62, 71, 134 A.2d 550, 555. Furthermore, the presiding justice had the right to take the whole occurrence including counsel's vocal and gesticulative insolent demeanor into consideration when inflicting punishment and a full description of the entire scene in the certificate was necessary for a proper appellate evaluation of the sentence.

Appellant further contends that his sentence was in violation of his constitutional rights. He first claims that the resentencing violated the double jeopardy clause of Article I § 8 of the Constitution of Maine, which provides that "[n]o person, for the same offence, shall be twice put in jeopardy of life or limb."

■■ Our Court has ruled that a defendant, after a mistrial is ordered upon his motion or with his consent, can be tried anew upon the same charge and sentenced thereon and that a claim of constitutional double jeopardy does not lie to avoid the same. Clukey v. State of Maine, 1964, 160 Me. 198, 202 A.2d 6. In the instant case, the appellant instituted habeas corpus proceedings, considered by this Court in the nature of an appeal from the judgment of conviction of criminal contempt and from the sentence imposed thereon. The reversal of appellant's first sentence at his request on the ground of non-compliance by the court with the requirements of Rule 42 (a), M.R.Crim.P., is no bar to resentencing upon any claim of constitutional prohibition against double jeopardy.

It is the general rule that the resentencing of a prisoner duly convicted of crime, who has obtained his discharge from the sentence either on direct appeal or in habeas corpus proceedings, is not subject to the objection that he is put in jeopardy twice for the same offense. 22 C.J.S. Criminal Law § 273, p. 706, § 267, p. 687; 21 Am.Jur.2d, Criminal Law, §§ 209, 210;

Allen v. State, 1954, 260 Ala. 324, 70 So. 2d 644; Northcott v. Hand, 1960, 186 Kan. 662, 352 P.2d 450.

Alexander's last objection raises the propriety of his sentence to imprisonment in the county jail for 5 days and to pay a fine of $500. He contends that such punishment under the recorded circumstances of the instant case was excessive and in violation of the constitutional prohibitions against cruel or unusual punishment. Constitution of Maine, Art. I § 9; Constitution of the United States, Amendment VIII.

■ Punishment for criminal contempt is within the sound discretion of the sentencing court and in the absence of an abuse thereof it cannot be disturbed on appeal. Keyes v. United States, 1963, 9th Cir., 314 F.2d 123.

■ It is a precept of fundamental criminal justice that punishment for crime should be graduated and proportioned to the offense committed. Weems v. United States, 1909, 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793. In contempt the penalty imposed should bear some reasonable relation to the nature and gravity of the contumacious conduct. United States v. Conole, 1966, 3rd Cir., 365 F.2d 306, cert. den. 385 U.S. 1025, 87 S.Ct. 743, 17 L.Ed.2d 673. The seriousness of the consequences of the contemptuous behavior, the public interest in supporting judicial power to maintain order and decorum in the courts of justice and adequate deterrence of future defiance of judicial authority by the appellant and others are all matters for the sentencing judge to take into consideration in his exercise of a sound judicial discretion. A review of the record discloses beyond doubt that the sentence under appeal was well within permissible limits of sound judicial discretion and dispels any possible claim of abuse.

The appellant's conduct in open court before the jury was well beyond the concept of mere overzealousness in legal ad-

vocacy. The court-room scene as reproduced by the record and the justice's certificate reveals a deliberate and blatant disrespect for the court strategically designed to delude the jury into the erroneous impression that the court was prejudiced against counsel and his client so as to create sympathy for his cause. Such reprehensible conduct necessitated the declaration of a mistrial in the immediate case and resulted in undue expense to the public treasury. The reference sanction, consisting of imprisonment in the county jail for a term of 5 days and payment of a fine in the amount of $500 and imposed upon an officer of the court for conduct of great demoralizing effect on the authority of the court before the jury and the public, does not denote such punitive severity as to shock our respective or collective consciences and by no means constitutes the infliction of cruel and unusual punishment or the imposition of excessive fine within the constitutional prohibition of either the State or Federal Constitution. In re Osborne, 1965, 9th Cir., 344 F.2d 611 (10 days); United States v. Schiffer, 1965, 6th Cir., 351 F.2d 91 (60 days).

The entry will be

Appeal denied.

TAPLEY, J., did not sit.