IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JON GRANBOIS, | ) | |
| | ) | No. 38886-7-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREA COVIELLO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Jon Granbois petitioned for and was granted a one-year domestic violence protection order (DVPO) against Andrea Coviello. The DVPO was granted due to an incident that occurred in September 2020 in which Coviello was locked out of their home following an argument. At the time, Coviello and Granbois were in a long-term romantic relationship. Coviello admitted to damaging the home by breaking a window and spraying water into it during the incident.

A year later, when the DVPO was about to expire, Granbois brought a petition to renew it. Around the same time, Coviello brought a motion to disqualify Granbois' counsel due to an alleged relationship between the two. In response, Granbois brought a motion to strike the pleading and for sanctions due to it being improperly filed. Granbois also brought a motion for contempt for alleged violations of the underlying DVPO by

Coviello. The court granted the motion to strike but declined to award sanctions and denied the rest of the motions, including the request to renew the DVPO.

Granbois now appeals. We find that the trial court did not abuse its discretion with respect to any of the issues that Granbois raises and affirm. We deny attorney fees on appeal.

BACKGROUND

On October 30, 2020, the superior court issued a one-year DVPO protecting Granbois from Coviello. The events giving rise to the DVPO occurred on the evening of September 23, 2020 and ran into the early morning hours of September 24, 2020. Granbois and Coviello were living together at the time, but in the process of ending their long-term relationship. The parties dispute the events leading up to the incident and what occurred during the incident.

The parties agree that on the evening of September 23, 2020, an argument ensued. At some point, Coviello was locked out of the home her and Granbois shared at the time. The parties agree that while Coviello was locked out of the home she caused damage to it by breaking a window, banging on the door with either a rock or a statue, and spraying water onto and into the home. Other aspects of the incident are disputed. On September 24, 2020, Granbois petitioned for a DVPO which was ultimately granted for a period of one year.

2

About a year later, in October 2021, Granbois petitioned for renewal of the DVPO and moved for contempt sanctions against Coviello. Granbois alleged that Coviello continued to stalk and harass him after the DVPO was granted and that she would continue to do so if the DVPO was not renewed. In support of his request for relief, Granbois asserted that Coviello had violated the original DVPO shortly after it was issued, by driving by his home, shopping at his place of work, and calling him.

Coviello responded to Granbois' motion and also brought a motion to disqualify Granbois' counsel alleging that there was a romantic relationship between Granbois and his attorney. Granbois responded to Coviello's motion and then brought a motion to strike and for sanctions because it was improperly filed.

A superior court commissioner considered all of the pending motions on January 14, 2022. The motion to disqualify was not granted or argued because it was improperly filed via email. The motion to strike was granted but the court declined to award sanctions, noting that while improperly filed, both parties had emailed filings or attachments to the court throughout the litigation.

Granbois' motion for contempt was also denied. The court noted that all of the allegations giving rise to the motion for contempt were over a year old and at that point there was "nothing to do for the court to enforce [sic] Ms. Coviello to get into compliance with the order." Clerk's Papers (CP) at 375.

3

Turning to Granbois' motion to renew the DVPO, the court allowed Coviello to argue first and last because she had the burden of proving that there would be no resumption of domestic violence if the DVPO were to lapse. Former RCW 26.50.060(3) (2021). During the hearing, the court briefly questioned Coviello about counseling she had sought since the incident, but denied Granbois' attorney's request to cross-examine Coviello.

Ultimately, the court declined to renew the DVPO. The court noted that Coviello had sought counseling, that there was no indication that the parties were going to have any further contact with each other, and that Coviello had since moved across the state to Tacoma. Consequently, the court found that Coviello had proven by a preponderance of the evidence that there would be no resumption of domestic violence once the DVPO lapsed.

Following the court's ruling, Granbois' counsel requested a stay and reissuance of the DVPO in order to give him an opportunity to appeal the ruling. The court asked what legal authority Granbois had to support that request, and none was provided. The court denied the request.

Granbois then brought a timely motion to revise the commissioner's ruling. The motion to revise the commissioner's ruling was denied. The court entered an order on Granbois' motion for revision reflecting the court's rulings.

Granbois then filed this timely appeal.

ANALYSIS

1.     MOOTNESS

Coviello contends that the case is moot because by the time a decision is issued by this court, it will be over a year since the DVPO renewal was denied. Thus, for over a year, no DVPO will have been in place. We disagree.

"A case is moot if a court can no longer provide effective relief." *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). Coviello seems to argue that, because no DVPO has been in place for a year, and no domestic violence has resumed, the matter is now moot.

Effective relief can be granted to Granbois if this court decides that the decision of the lower court to deny Granbois' DVPO renewal request was error. If we decide in Granbois' favor, the DVPO could be renewed for "another fixed time period" or a permanent order could be entered. Former RCW 26.50.060(3) (2021) *recodified at* RCW 7.105.405(8) (2022). Below and on appeal, Granbois requests that the DVPO be renewed for a period of ten years. Thus, the matter is not moot.

2.     RENEWAL OF DVPO

Granbois contends that the court abused its discretion when it denied his request for a renewed DVPO against Coviello. Granbois puts forth numerous arguments and urges us to find that the court erred in various ways in denying his DVPO renewal. We conclude that the superior court commissioner did not abuse their discretion.

The trial court has discretion when it comes to petitions for DVPOs. *Hecker v. Cortinas*, 110 Wn. App. 865, 869, 43 P.3d 50 (2002). This court will not disturb a lower court's ruling to grant or deny a DVPO absent a clear abuse of discretion. *Juarez v. Juarez*, 195 Wn. App. 880, 890, 382 P.3d 13 (2016). A judge abuses her discretion when her decision is based on untenable ground or untenable reasons. *Id.*

*Procedural Issues*

Granbois raises numerous procedural issues; all of them without merit.

Granbois first argues that we should apply the restructured law on domestic violence protection orders that became effective while this appeal was pending. Effective July 1, 2022, the legislature recodified its chapter pertaining to civil protection orders. The code pertaining to DVPOs was previously found at chapter 26.50 RCW (Domestic Violence Protection). The code governing DVPOs is now found at chapter 7.105 RCW (Civil Protection Order). Chapter 26.50 RCW was effective when this case was decided.

"It is well settled that, in the absence of legislative expression to the contrary, a law is presumed to apply prospectively only." *State v. Malone*, 9 Wn. App. 122, 131, 511 P.2d 67 (1973). Granbois cites to no authority demonstrating a legislative intent for the new statutory scheme governing DVPOs to apply retroactively. Thus, we decline his invitation to apply Chapter 7.105 RCW to the current case.

Granbois contends that the court on revision erroneously analyzed the commissioner's ruling for an abuse of discretion instead of a de novo standard. A

6

superior court judge's review of a commissioner's ruling on revision is de novo. *State v. Wicker*, 105 Wn. App. 428, 432-33, 20 P.3d 1007 (2001). The record shows that the court cited and applied the correct standard on revision. The court wrote in her order on petitioner's motion for revision that "[o]n a revision motion, the Superior Court reviews a Commissioner's ruling de novo based on the evidence and issues presented to the Commissioner." CP at 397.

Granbois next argues that the court erred when it realigned the parties by referring to Granbois as the respondent and Coviello as the petitioner during the hearing. He also alleges that the parties were impermissibly realigned when the commissioner allowed Coviello to have the first and last word. We disagree.

Granbois argues that the parties were realigned because the commissioner referred to Coviello as the petitioner and Granbois as the respondent. The record shows that the commissioner misspoke at the hearing on the DVPO renewal and reversed the roles of the parties. However, the commissioner simultaneously corrected herself. This does not amount to realignment of the parties and Granbois' argument is without merit or support from the record.

Next, Granbois argues that the parties were impermissibly realigned because the commissioner allowed Coviello to argue first and last even though Granbois was the petitioner. The court stated that, because Coviello had the burden of proving by a preponderance of the evidence that she would not resume acts of domestic violence

7

against Granbois, Coviello would argue first and have final rebuttal. Former RCW 26.50.060(3) (2021). Granbois argues that this was "procedurally improper" but provides no further argument or citation to authority. Thus, we should decline to address this argument. *See* RAP 10.3(a); *State v. Stubbs*, 144 Wn. App. 644, 652, 184 P.3d 660 (2008) ("Passing treatment of an issue or lack of reasoned argument is insufficient to allow for our meaningful review."), *rev'd on other grounds by* 170 Wn.2d 117, 240 P.3d 143 (2010).

Granbois also argues that the court erred when it did not allow him to cross-examine Coviello. Here, both attorneys stated at the outset that they did not intend to have the parties testify on the motion to renew the DVPO. After hearing argument from her counsel, the court decided to briefly question Coviello about counseling she had sought. Granbois' counsel then indicated that she wanted to cross-examine Coviello, and the court stated that it was not allowing cross examination.

"We leave the decision whether to allow cross-examination in domestic violence protection order hearings to the sound discretion of a commissioner or trial court judge subject to the normal provision for review or revision." *Aiken v. Aiken*, 187 Wn.2d 491, 497, 387 P.3d 680 (2017). The court did not abuse its discretion when it declined to allow cross-examination of Coviello following the court's questions as that decision was well within the court's discretion. Thus, Granbois' argument fails.

Granbois makes two additional procedural arguments without adequate analysis or citation to authority. First, he contends that the court erred by failing to review related Walla Walla Superior Court Cause No. 20-2-00549-36. Granbois does not cite any rule of law or applicable case demonstrating that this was error. Second, Granbois contends that the lower court erred when it denied revision by not requiring or adopting written findings. We decline to address these issues as they are inadequately briefed. *See* RAP 10.3(a); *Stubbs*, 144 Wn. App. at 652 ("Passing treatment of an issue or lack of reasoned argument is insufficient to allow for our meaningful review."), *rev'd on other grounds by* 170 Wn.2d 117, 240 P.3d 143 (2010).

*Denial of the DVPO*

Turning to the substantive issues, Granbois argues that the court abused its discretion when it found by a preponderance of the evidence that Coviello was unlikely to resume acts of domestic violence against Granbois and thus denied his request to renew the DVPO against Coviello. We disagree.

Former RCW 26.50.060(3) states that "[t]he court shall grant the petition for renewal unless the respondent proves by a preponderance of the evidence that the respondent will not resume acts of domestic violence against the petitioner . . . when the order expires."

Granbois claims that the commissioner failed to apply former RCW 26.50.130 (2019). This statute provides unweighted factors to be considered by the court in

9

deciding whether "there has been a substantial change in circumstances" sufficient to warrant modification or termination of a DVPO. Former RCW 26.50.130(3)(c). However, as the superior court pointed out in revision, this statute does not apply to a petition for renewal of a one-year DVPO. Instead, the statute provides:

> The court may not terminate an order for protection that is permanent or issued for a fixed period exceeding two years upon a motion of the respondent unless the respondent proves by a preponderance of the evidence that there has been a substantial change in circumstances such that the respondent is not likely to resume acts of domestic violence against the petitioner or those persons protected by the protection order if the order is terminated. In a motion by the respondent for termination of an order for protection that is permanent or issued for a fixed period exceeding two years, the petitioner bears no burden of proving that he or she has a current reasonable fear of imminent harm by the respondent.

Former RCW 26.50.130(3)(a).

Here, the DVPO was issued for only one year and the respondent, Coviello, was not moving to terminate the order. Instead, former RCW 26.50.060(3) (2021), the statute governing DVPO renewals, is applicable.

Next, Granbois argues that the commissioner erred by revising and minimizing Coviello's past acts of domestic violence giving rise to the initial DVPO. Granbois' argument is completely unfounded and unsupported by the record.

In his briefing, Granbois states that the court erred by minimizing Coviello's past acts of domestic violence "in stating, 'I do find the respondent in the past has gotten angry and has damaged property of Mr. Granbois . . . [but] most of the bad acts that are

being alleged by the respondent [sic] do not meet the definition of domestic violence.'"

Appellant's Br. at 53.

This statement in Granbois' brief is not an accurate reflection of the record. Instead, the quote combines two statements of the commissioner that are pages apart in the transcript. The complete quote from the commissioner is actually: "I do find that the respondent in the past has gotten angry and has damaged property of Mr. Granbois. *I'm not going to relitigate the initial domestic violence protection order*." CP at 389 (emphasis added). Granbois notably omits the second sentence of the trial court's statement in his briefing.

The second part of the quote in Granbois' briefing suffers from the same problems as the first. The complete quote reads: "So, based on that and based on the fact that most of the bad acts that are being alleged by the respondent [sic] do not meet the definition of domestic violence. I find that the respondent has met their burden." CP at 391-92. It is clear from the context that the court was referencing the more recent acts of alleged domestic violence Granbois claims Coviello committed, not the acts giving rise to the original DVPO.

Granbois' other arguments pertain to Coviello's alleged stalking and harassment of him. Coviello refutes these claims. Granbois also points to declarations he submitted to the court below regarding Coviello's behavior. In essence, Granbois urges us to reweigh the evidence and come to a different conclusion than the trial court. We decline

11

to do so. "It invades the province of the trial court for an appellate court to find compelling that which the trial court found unpersuasive." *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009). This court defers to the trial court's determinations on the weight of the evidence, witness credibility, and conflicting testimony. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

There was clearly conflicting evidence in this case and the trial court weighed the evidence and decided that Coviello had proved, by a preponderance of the evidence, that she was unlikely to resume acts of domestic violence against Granbois despite Granbois' claims that she continued to stalk and harass him and despite his supportive declarations. This was not an abuse of discretion and we will not reweigh the evidence to come to a different conclusion.

The court did not abuse its discretion when it declined to grant the DVPO renewal request.

3. REQUEST TO STAY DENIAL ORDER

Granbois contends that the court abused its discretion when it did not grant his motion to stay the denial of the DVPO renewal pending further proceedings. Again, we disagree.

At the DVPO renewal hearing, Granbois requested a stay and reissuance of the DVPO "in order to provide opportunity for [Granbois] to pursue revision and any appeal." CP at 392. The court asked what legal authority Granbois had to support that

request, and his counsel provided none. The court ultimately denied the request for a stay. Granbois renewed his stay request on revision and the court again denied the request for a stay noting that counsel had provided no authority to support the request.

Now, Granbois cites generally to CR 62 but it is unclear what portion of the rule Granbois contends applies to his stay request. Granbois also cites RAP 8.1(b)(3) which states that matters may be stayed at the court's discretion. The rule further states that "[t]he party seeking such relief should use the motion procedure provided in Title 17 [of these rules]." RAP 8.1(b)(3).

The lower court did not abuse its discretion when it denied Granbois' request to stay the denial of the DVPO because Granbois cited no authority to support his request. On appeal, he claims that the trial court's authority derives from the rules of appellate procedure, but fails to demonstrate how these rule apply to the superior court.

The court did not abuse its discretion when it denied Granbois' request for a stay of the DVPO denial pending appeal.

4.     DENIAL OF MOTION FOR CONTEMPT

Granbois argues that the court abused its discretion when it denied his motion for contempt and declined to defer the matter for special prosecution.

"Punishment for contempt of court is within the sound discretion of the judge so ruling. Unless there is abuse of a trial court's exercise of discretion, it will not be disturbed on appeal." *Schuster v. Schuster*, 90 Wn.2d 626, 630, 585 P.2d 130 (1978)

13

(quoting *State v. Caffrey*, 70 Wn.2d 120, 122-23, 422 P.2d 307 (1966)). RCW 7.21.020

states that "[a] judge . . . may impose a sanction for contempt of court." Former RCW

26.50.110(3) states that "[a] violation of [a DVPO] shall also constitute contempt of

court."

Here, the court reviewed the motion for contempt and found that "the credible

allegations of violation of the no-contact order are at a minimum a year old." CP at 375.

The year-old allegations of the violations of the protection order included Coviello

driving down Granbois' street, contacting him by phone, and going to his place of work.

The court ultimately declined to find Coviello in contempt and declined to impose

sanctions as Granbois requested in his contempt motion. The court reasoned that the

contempt allegations were stale and there was nothing for the court to do in order to get

Coviello into compliance with the underlying DVPO because she had been compliant

with it for over a year. The court was well within its discretion to decline to find

Coviello in contempt or order sanctions against her.

Granbois also argues that the court should have referred the matter for special

criminal prosecution. RCW 7.21.040(2)(c) states that a "request that the prosecuting

attorney or the city attorney commence an action under this section *may* be made by a

judge." (Emphasis added). Again, the court was under no obligation to refer the matter

for special prosecution, and it was not an abuse of discretion for it to decline to do so.

The court did not abuse its discretion when it denied Granbois' motion for contempt.

5.    DENIAL OF MOTION FOR SANCTIONS

Granbois argues that the court abused its discretion when it declined to order sanctions against Coviello for failing to properly file her motion to disqualify.

CR 5(d)(2) states that if "a party fails to file any other pleading or paper under this rule, the court upon 5 days' notice of motion for sanctions *may* dismiss the action or strike the pleading or other paper and grant judgment against the defaulting party for costs and terms including a reasonable attorney fee." (emphasis added).

Here, Coviello failed to properly file her motion to disqualify Granbois' counsel. In response, Granbois bought a motion to strike and for sanctions.  Counsel for Coviello stated that he mistakenly thought that the court was accepting emailed filings and that is why he failed to file the motion with the clerk's office.  At the hearing, the court clarified that it was accepting bench copies via email but that motions still needed to be filed with the clerk's office.  The court then granted the motion to strike but declined to impose sanctions.  The court noted that there had been a number of emails from both parties in the matter, with multiple attachments, but that the court was only going to consider what had been properly filed.

Again, the court was under no obligation to impose sanctions under CR 5(d)(2). The court noted that both parties had sent attachments via email and decided against imposing sanctions on Coviello. This was not an abuse of discretion.

6.    ATTORNEY FEES AND COSTS

Both parties request attorney fees on appeal.

Granbois contends that he paid costs related to this appeal which he argues should have been waived by statute. He cites generally to former RCW 26.50.030(4), 26.50.040, and 26.50.060. These statutes waive the filing fee in superior court for DVPO and preclude a public agency from charging for service of process and certified copies. *See* RCW 26.50.030(4) and .040. These statutes do not apply to the costs Granbois incurred in pursuing his appeal.

Under former RCW 26.50.060(1)(g) and RAP 18.1, we have discretion to require the respondent of a DVPO action to pay the petitioner's costs and attorney fees. *Aiken*, 187 Wn.2d at 506. Since Granbois did not prevail below or on appeal, we exercise our discretion and decline his request for costs and fees.

Coviello also requests fees under chapter 26.50 RCW generally or alternatively arguing that Granbois' appeal is frivolous under RAP 18.9. We decline Coviello's request for fees as well. We do not find Granbois' appeal to be frivolous and Coviello does not cite authority authorizing an award of fees to the respondent of a DVPO under the circumstances in this case.

16

No. 38886-7-III
*Granbois v. Coviello*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
                      Staab, J.

WE CONCUR:

_____
     Fearing, C.J.

_____
   Lawrence-Berrey, J.