BOWEN, Judge.
The defendant was convicted for unlawfully selling, furnishing or giving away 0.74 grams of powder containing heroin contrary to the provisions of the Alabama Uniform Controlled Substances Act. Alabama Code 1975, Section 20-2-70. Sentence was fifteen years’ imprisonment.
The State’s evidence shows that on January 13, 1978, the defendant sold the designated quantity of heroin to James R. Donald, an undercover agent for the United Narcotics Detail Operation. This was a different sale from the one for which the defendant was convicted in Patton v. State (Ala.Cr.App. Ms. February 5, 1980).
Two issues are presented on appeal. It is alleged that the jurors began their deliberations prior to receiving the court’s oral, charge and that the chain of custody of the heroin was not sufficiently established to allow its admission into evidence.
I
After both the State and the defense had rested, had finished closing argument and after the trial judge had completed his oral instructions to the jury, the following occurred:
“THE COURT: All right, now, that does complete the Court’s charge to you, ladies and gentlemen, as to the law.
“And you may, at this time, retire to the jury room to deliberate and make up your verdict.'
“Except for the alternate — if you will, you may stay with us at this point.
“A JUROR: Are we allowed to ask a question?
“THE COURT: Well, you probably won’t get any answers to them, but go ahead and ask them. I mean, the case is over with.
“ANOTHER JUROR: What happened to the blocks afterwards.
“THE COURT: What?
“A JUROR: What happened to the blocks afterwards.
“THE COURT: That is not in evidence.
“A JUROR: I would like to know why they didn’t go back into that house that night if they knew that he had that Slock of—
“THE COURT: Well, that is not a proper question.
“You’ve got everything you are going to get. Let me put it to you that way.
“THE JUROR: Thank you.
(Thereupon, the twelve principal jurors retired to the jury room at 10:58 a. m., and the following proceedings, in open court, were had and done:)
“MR. LLOYD (Defense Counsel): May it please the Court, we would, at this time, move for a mistrial on the basis of the questions, and so forth, asked by the jurors as they' were leaving open court.
“THE COURT: Overrule.”
The “blocks” had reference to the “solid shape” and “rock form” of the heroin which the undercover agent testified he saw the defendant “scraping against a strainer”.
On appeal it is argued that
“It is clear from the above proceedings that two jurors asked the same question of the trial court. It must, therefore, be presumed that the two jurors had discussed certain aspects of the case in the presence of the other jurors. Such a dialogue amounts to the jury commencing its deliberations prior to receiving the charges given by the trial court.”
Counsel’s conclusion is drawn from and based upon a faulty premise. From the record, all we can determine with any degree of certainty is that one juror repeated the question of another juror after the trial *572 judge indicated that he did not hear or understand the question. From the record we cannot tell with any degree of certainty how many different jurors were involved.
There was no motion for a new trial and no evidence of any misconduct on the part of the jury or any of its members. A mere supposition that the jury began its deliberation before the case was formally submitted to them is not an adequate basis for a mistrial. McCall v. State, 262 Ala. 414, 416-7, 79 So.2d 51 (1955). As in Atwell v. State, 354 So.2d 30, 38 (Ala.Cr.App.1977), cert. denied, 354 So.2d 39 (Ala.1978):
“There is no evidence that the verdict of the jury was not based solely on the evidence adduced on trial and was not absolutely free from outside influences. Although several jurors may have commented on the evidence during the trial and before the actual deliberations began we fail to see that such conversations carried ‘the taint of mutual reinforcement of fixed opinions’ on the verdict. The record reflects that the guilt or innocence of the appellant was not prematurely considered.”
II
The evidence shows no break or missing link in the chain of custody of the heroin from the time it was received by the undercover agent until it was introduced in evidence at trial. The facts show the heroin to have been under the continuous and constant custody and control of a proper authority. There is no evidence of the “possibility of unauthorized access to the evidence” merely because Sergeant D. H. Boner testified that he locked the heroin in the trunk of his automobile to which only he had the key. Sexton v. State, 346 So.2d 1177, 1179-80 (Ala.Cr.App.), cert. denied, 346 So.2d 1180 (Ala.1977); Williford v. State, 365 So.2d 1257, 1258, cert. denied, 365 So.2d 1258 (Ala.1978).
We have searched the record for error as required by law and have found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.