First degree robbery; sentence: fifteen years' imprisonment.
Appellant was found guilty of the January 13, 1980, first degree robbery of the Town Motel located on Third Avenue West in Birmingham. Ala. Code § 13A-8-41 (1975). He was sentenced to fifteen years' imprisonment.
 I
Appellant's only issue on appeal involves comments made by a venireman after jury selection but before swearing in. At that time, as the jury was seating itself in the jury box, Mr. Cusimano, a venireman who had been from this jury, stated:
 "Can I say something: The last time I got robbed, I was in a nervous condition about it about a month and a half.
 "THE COURT: Well, Mr. Cusimano, I think at this time that we should probably not go into any matters.
 "If there is anything further that we need to go into in that, so far as a matter, then we will go into it outside the presence of the other jurors.
 "So, if we need to go into it, then we will go into it further.
 "THE JURY VENIREMAN: I just wanted you to know how I feel about robberies. That's what I mean.
"THE COURT: All right."
Afterwards, the jury was sworn and excused while the trial court and the parties held an in camera discussion during which appellant agreed to allow the jury to separate during trial. Subsequently, appellant moved for a mistrial on the grounds that Cusimano's statements would unduly influence and prejudice the jury against him. The trial court overruled the motion and immediately thereafter listened to the court reporter's tape recording of Cusimano's comments. The court then affirmed its prior ruling. Thereafter the jury was returned to the courtroom and instructed by the trial court to confine its attention to evidence admitted during trial and to disassociate itself from any discussion about the case. At the trial, prior to recess at the end of the first day, the trial court reminded the jury of the earlier instructions. The court further instructed the jurors that they should neither watch television reports nor read newspaper accounts about the case.
After court reconvened the next morning, appellant, outside the presence of the jury, renewed his motion for a mistrial. He contended that an article appearing in the Birmingham Post-Herald that morning had discussed Cusimano's comments of the previous day. Appellant asked that the trial court "inquire of the jurors whether or not the article was read by them and ask whether or not they were prejudiced by the article." The trial court complied and addressed the jury as follows:
 "Ladies and gentlemen, yesterday, when I advised you that you would be allowed to go to your separate homes and advised you as to your responsibilities concerning separation, I also requested that you not read any news reports concerning this case.
 "Now, last night, and this morning, in this morning's paper, there was an account of that which happened yesterday, when Mr. Cusimano made the remarks in y'alls presence.
 "And, of course, it was not reflected in the caption of the case, identifying this particular case, and what I need to find out is if any of you read that article in the Post Herald this morning, without realizing at the time that you were reading it that it, in any way, involved this case.
"Did any one happen to read that article?
 "A JUROR: I saw it, but when it mentioned the defendant's name I stopped. I didn't go any further.
"THE COURT: Okay. Let me ask y'all this: *Page 552 
 "My question is, any of y'all that happened to read that, would that in any way affect your ability to sit on this case as a juror, or would that have any bearing whatsoever in this matter as your ability to sit on this case as a juror?
"Are any of you that read it?
 "If it does, if you would, please let us know at this time.
 "All right, there being no response, I assume that it would not in any way affect your ability to sit as a juror in this case."
The trial court noted that the caption of the article did not identify the appellant's case, and he further noted that the jury had not been "hurried from the courtroom" as the article had stated. In all other respects, the trial court found the article to be "substantially correct. . . ."
The State commented that during its voir dire examination of the venire, panel members had been asked whether any of them "had been victims of crimes in the past . . ." The State further inquired of those who had answered that question affirmatively whether their experiences "would prejudice them against the defendant, or could they give him a fair trial based on the testimony. . . ." Cusimano had responded affirmatively to the first question, but had not responded to the latter.
The trial judge again overruled appellant's motion, and after recess before the jury was seated, he noted that three jurors had responded to his inquiry concerning Cusimano's statements and the newspaper article. Those three jurors were identified for the record. The trial judge then stated that he had previously questioned the jury about the article and was satisfied with the response.
A trial judge is vested with discretion in the conduct of a trial, and appellate courts will not interfere unless there has been a clear abuse of that discretion. Townsell v. State,255 Ala. 495, 52 So.2d 186 (1951); Shelton v. State, 384 So.2d 869
(Ala.Cr.App.), cert. denied, 384 So.2d 871 (Ala. 1980).
A motion for mistrial implies a miscarriage of justice and such fundamental error in a trial as to vitiate the result. Granting such a motion is an extreme measure and should only be done where the prejudicial effect in question cannot be removed by the action of the trial court. Young v. State,416 So.2d 1109 (Ala.Cr.App. 1982); Elmore v. State, 414 So.2d 175
(Ala.Cr.App. 1982).
The trial court reviewed the statements made by Cusimano, received the arguments of defense counsel, and promptly addressed the circumstances surrounding the newspaper account. The court also complied with the appellant's request to question the jury about the article.
The trial court was in the best position to determine the effect of possibly prejudicial statements upon the jury. SeeMinnifield v. State, 392 So.2d 1288 (Ala.Cr.App. 1981).
In the exercise of its discretion, the trial court in the instant case ultimately determined that the jurors were capable of rendering a fair and impartial verdict. The court responded to the potential problem swiftly and professionally. In the absence of evidence of abuse of the trial court's discretion, we find no error in the denial of appellant's motion. Thus, this cause is hereby affirmed.
AFFIRMED.
All the Judges concur.