SAM W. TAYLOR, Judge.
James Clark Peterson was convicted of burglary in the second degree and was sentenced to twenty-five years’ imprisonment under the Habitual Felony Offender Act. He raises several issues on appeal.
I
Appellant first contends that the state failed to prove a prima facie case. Burglary in the second degree is defined in pertinent part as follows:
“... a person commits the crime of burglary in the second degree if he unlawfully enters a lawfully occupied dwelling-house with intent to commit a theft or a felony therein.” Ala.Code § 13A-7-6(b) (1975).
In this case, the undisputed evidence is that the appellant entered the residence of a family in Demopolis, Marengo County, Alabama, around 10:30 p.m. after the members of the household were in bed. The older daughter heard noises, got out of bed and went next door to her sister’s room to investigate. She turned on the light and saw the appellant standing beside the child’s bed with his pants down or completely off. She screamed and ran to get her parents. The sleeping girl awoke and saw the defendant leaving the room with his pants still down or off.. The father of the household then pursued the appellant by car from Demopolis to Thomasville where the Thomasville Police Department stopped both cars and arrested the appellant.
The evidence indicated that the appellant had been previously convicted of indecent exposure a number of times. In addition, he also admitted that he had been convicted of “forcing a seven year-old female to suck [his] private sexual organ,” and four years later he was convicted of “gratifying [his] lust by handling, touching or rubbing [his] hands on a child.” Appellant testified later, however, that the latter conviction had been reversed and remanded by the Mississippi Supreme Court.
The indictment, which alleges appellant entered the dwelling-house, states that he did so “with the intent to commit a felony therein, to wit: rape.” Appellant contends that the evidence was insufficient to prove that intent. We find that the cases which he cites in support of his theory are distinguishable on the facts. Factually similar cases have been adverse to appellant. In Hamilton v. State, 283 Ala. 540, 219 So.2d 369 (Ala.), cert. denied, 396 U.S. 868, 90 S.Ct. 134, 24 L.Ed.2d 121 (1969), a man and his wife heard a moaning yell come from the wife’s grandmother’s adjoining bedroom. The couple entered to see the defendant, “Standing near the door . .. with his trousers off and his privates exposed and wearing neither socks or shoes.” Obviously that fact situation is very similar to the fact situation in the case at bar. In Hamilton, the court found the jury was justified in finding an attempt to rape. In Simmons v. State, 40 Ala.App. 98, 108 So.2d 184 (1959), the evidence was that the defendant knocked on the front door and it was answered by a young woman. He forced his way in and the girl screamed and ran. The defendant was then frightened off by the lights of a car. The court held that the evidence was “amply” sufficient to support the verdict and judgment of an intent to ravish. There are a number of similar Alabama cases with the same result.
II
The appellant complains of remarks made by the district attorney during closing argument. None of those remarks appears of record. Where the objected-to remarks do not appear on record, there is nothing for this court to review. See Edwards v. *1021 State, 287 Ala. 588, 253 So.2d 513 (1971); Magouirck v. State, 49 Ala.App. 420, 272 So.2d 625 (1973), and other cases collected at Ala. Digest, Criminal Law Key No. 1128.-2.
Ill
Appellant finally contends that the court erred in failing to grant his oral request to instruct the jury on certain lesser included offenses. Failure to give a jury charge not requested in writing is not error. Further, there must be an objection made and grounds set out before the jury retires. Judge Tyson stated in Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981), at page 991:
“We are not required to review the merits of appellant’s assertions on this appeal because in Alabama there is no longer an ‘automatic exception’ to the trial court’s refusal of a written requested jury charge and the appellant did not reserve any exceptions at the trial level.”
And further at page 992:
“The proper procedure for preserving the right to assert error on appeal is for the affected party to object and state his grounds before the jury retires, just as is done for alleged errors in the trial court’s oral charge.”
In light of the foregoing, we find no error. This case is affirmed.
AFFIRMED.
All the Judges concur.