516 So.2d 802 (1986)
Rex HARTLEY
v.
STATE.
7 Div. 510.
Court of Criminal Appeals of Alabama.
June 10, 1986.
Rehearing Denied July 15, 1986.
On Return to Remand May 26, 1987.
Rehearing Denied June 30, 1987.
Certiorari Denied December 4, 1987.
*803 Jack W. Hughes and Wilford J. Lane, Anniston, for appellant.
Charles A. Graddick, Atty. Gen., and Robert B. Rinehart, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 86-1510.
TAYLOR, Judge.
The appellant was convicted of second degree robbery in violation of § 13A-8-42, Code of Alabama 1975, and was sentenced under the Habitual Felony Offender Act to 21 years' imprisonment.
Seventeen-year-old Christopher Gay was about to enter a department store in Oxford, Alabama, to do some Christmas shopping at about 7:15 in the evening when he heard someone in a nearby car trying to get his attention. He walked over to the car and was asked by one of its three occupants if he knew anyone named Randy. After telling them that he had a cousin named Randy, the men told Christopher that they needed to discuss something with him. The three men then got out of their car and surrounded the youth. One man, who Christopher later identified as the appellant, stated, "Randy told us that you either were supposed to have some money or some dope for us." Christopher told the appellant that he must have him confused with someone else and that he did not know anything about any money or any drugs. The appellant, however, became even more insistent. Christopher testified as follows:
"At this time, it started to rain. And he [the appellant] started getting a little impatient and so did I. And he said, `Look, I'm not standing out here in the rain any longer. Either you give me one or the other or I'm going to have to do something about this.' I said, `Well, look I already told you I don't have any dope or any money to give you either one.' And at this time he pulled up his shirt and took out his knife and said, `Look, you've got to give me one or the other right now.' And then I said, `Well, I still can't help you, I don't have either one to give you.' And he turned to the one that was standing right in front of me and said, `Give him your wallet.' So I took out my wallet, and he said, `Open it up.' And I opened up my wallet. And he said take out what was in it and give to the man directly in front of me. So I took out all that was in there and gave it to him."
After taking $32.00, a $50 check, and Gay's driver's license, and ordering him to "move on," the appellant and his companions returned to their automobile and drove away.

I
The appellant maintains that the evidence is insufficient to support a verdict of *804 second degree robbery. We find this contention to be without merit. In reviewing the sufficiency of the evidence this court is required to view the evidence in the light most favorable to the state and it will not substitute its judgment for that of the jury. McMurphy v. State, 455 So.2d 924 (Ala.Cr. App.1984). "Where there is legal evidence from which the jury could by fair inference find accused guilty, this court will not overturn the verdict." Barnes v. State, 445 So.2d 995, 997 (Ala.Cr.App.1984); Giles v. State, 440 So.2d 1237 (Ala.Cr.App.1983). In the present case, the jury could reasonably have found from the testimony of the victim, Christopher Gay, that the appellant was guilty of second degree robbery.

II
The appellant also contends that a remark made during closing argument by the prosecuting attorney constitutes cause for reversal. The remark alleged to be improper is not set out in the record. We cannot predicate error on the court's overruling an objection unless we know what is alleged to have been objectionable. Peterson v. State, 441 So.2d 1019 (Ala.Cr.App. 1983), and cases cited therein.

III
Last, the appellant argues that the trial court abused its discretion in denying his motion for mistrial based upon a remark made by a juror to a third person during a recess. The record indicates that after the evidentiary phase of the case was concluded but before closing arguments were heard, a recess was taken. The juror sat down beside another lady, who was sitting in the courthouse lobby crocheting. The lady asked the juror what was going on in the courtroom, and the juror reportedly said that she "really couldn't hear all that good, but from what it sounded like that he was guilty." The statement was made, apparently, out of the presence of the other jurors.
"It is the duty of jurors not to form or express their opinion as to the merits of the cause until arguments have been had, instructions given, and the case finally submitted to them, and where a juror expresses an opinion before the case is submitted the court should, of its own motion, discharge the juror. Should a juror, while he is separated from the rest, during the course of the trial, talk to others and declare his already formed opinion to the merits of the controversy, such prejudgment by the juror vitiates the verdict." [footnotes omitted]
89 C.J.S. Trial § 460(b) (1955); See also, Patton v. State, 383 So.2d 570 (Ala.Cr.App. 1980). Although the remark made by the juror in the instant case was improper, it does not necessarily constitute cause for reversal. Before a verdict will be vitiated because of such a statement, it must first be determined whether the remark evidenced a fixed opinion of the juror or whether it merely represented the predilection of the juror at that particular time. It is a fundamental aspect of human nature that where two or more alternative courses of action exist, an individual forced to choose between them will be more predisposed toward one than another. It has even been observed by some critics of the jury system that "prejudgment is an inevitable concomitant of the system since juries are composed of human beings and more particularlyof laymen unschooled in withholding decision." Deward v. Clough, 54 Cal.Rptr. 68, 72, 245 Cal.App.2d 439 (1966). These critics fail to recognize the distinction between an initial predisposition and a fixed opinion. Even a juror who has given his opinion as to the guilt or innocence of the accused before trial is completed may nevertheless continue to hear the case so long as he keeps an open mind and retains a willingness to alter his opinion after hearing all the evidence. Mathis v. State, 52 Ala.App. 674, 296 So.2d 760 (Ala. Cr.App.1973); Blevins v. State, 20 Ala. App. 229, 101 So. 478 (1924). The Alabama Supreme Court noted almost a century ago that:
"The mere formation of an opinion founded on rumor or hearsay, which is subject to change on hearing the evidence, and leaves the mind of the juror free to impartially consider the whole evidence, without giving undue credence *805 to that which tends to prove the facts as heard, and to apply to the evidence the law as pronounced by the court, is not sufficient to disqualify. But an opinion, whether founded on rumor, or conversations with witnesses, or on observation, which is a conviction, a prejudgment, disqualifying the juror to impartially consider the whole evidence,that which tends to prove the facts as heard, as well as that which contradicts or explains,and to apply free from bias the law as given in the charge by the court, is a fixed opinion which will bias the verdict. The mind of the juror should be in such a state of freedom, that he is capable of giving to the accused the weight of the presumption of innocence, and the benefit of a reasonable doubt. The statute affirms, in concise, intelligible, and comprehensive language, the common-law rule, as declared by Chief Justice Marshall on Burr's trial: `That light impressions, which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but those strong and deep impressions, which will close the mind against the testimony that may be offered in opposition to them, which will combat the testimony and resist its force, do constitute a sufficient objection to him."
Long v. State, 86 Ala. 36, 5 So. 443 (1889) (quoted in Mathis v. State, 52 Ala.App. at 677-78, 296 So.2d 760).
In the present case, the record indicates that the juror who was accused of making the improper statement was not questioned. The only evidence submitted on the issue was testimony by the appellant's sister that the juror had made the statement. We find this evidence to be insufficient to ascertain whether reversible error occurred. It is necessary, therefore, that this cause be remanded so that a hearing may be held to determine whether the juror actually made the statement, and, if so, whether she had a fixed opinion as to the appellant's guilt before the case was submitted to the jury. If it is found that the juror did have a fixed opinion prior to jury deliberations, then the appellant will be entitled to a new trial. However, should the court determine the juror had not conclusively made up her mind as to the appellant's guilt until all of the evidence had been given and the jury instructed, then the appellant would not be entitled to a new trial. The trial court must, in addition, determine whether the mere making of the statement by the juror resulted in an unfair trial. Whether alleged juror misconduct has resulted in an impartial trial is to be determined by the trial judge and his decision will be reversed only for clear abuse of discretion. Cox v. State, 394 So.2d 103 (Ala.Cr.App.1981). See also, Smith v. State, 432 So.2d 550 (Ala.Cr.App.1983); Hawkins v. State, 29 Ala.App. 221, 195 So. 762 (1942).
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Judge.
On remand the trial court conducted a hearing in accordance with our directions to determine whether an alleged improper statement was made by a juror, and, if so, whether she had a fixed opinion as to the appellant's guilt before the case was submitted to the jury. After a full hearing, the court issued an order as follows:
"The Defendant, Rex Hartley, was convicted of second degree robbery in violation of § 13A-8-42, Code of Alabama 1975, by a jury of this county on July 30, 1985. After a sentencing hearing, the Defendant was sentenced to twenty-one years' imprisonment under the Habitual Felony Offender Act.
"On appeal, the Defendant asserts that the trial court abused its discretion in denying his motion for mistrial based upon an alleged remark made by a juror to a third person during a trial recess. [emphasis original]
"The Defendant presented testimony of June Bundrum, his sister, who testified that a black female juror related to another female that she `really couldn't *806 hear all that good, but from what it sounded like that he was guilty.'
"This Court, on remand from the Alabama Court of Criminal Appeals, has conducted a hearing `to determine whether the juror actually made the statement in question, and, if so, whether she had a fixed opinion as to the appellant's guilt before the case was submitted to the jury.'
"It was determined from the record of the Court that three members of the jury in this case were black females. All three black female jurors testified in the hearing on remand. Each juror clearly denied making the statement claimed by the Defendant's sister. Each black female juror further testified that [she] `had not conclusively made up her mind as to the appellant's guilt until all the evidence had been given and the jury instructed.'
"Upon consideration of the testimony of the black female jurors in the post trial hearing and the testimony of Mrs. Bundrum on the motion for mistrial, this court is not satisfied that the alleged statement of a juror in this trial actually occurred. [emphasis original]
"This Court therefore finds that no black female juror in this case made the statement, as claimed, that `from what it sounded like he (the Defendant) was guilty.'
"This Court further finds from the jurors' testimony that, even if such a statement was made by a juror as claimed by the Defendant's witness, that these jurors did not have a fixed opinion of the Defendant's guilt before all evidence, arguments, and instructions were completed and the case was submitted to the Jury.
"This Court does not find any juror misconduct; rather this Court finds that the Defendant received a fair and impartial trial.
"A copy of this Order with a copy of testimony in the post trial hearing is to be forwarded to the Alabama Court of Criminal Appeals."
The trial court has fully complied with our directions. Having reviewed the testimony, and, in light of the circuit court's findings, the judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.