TAYLOR, Presiding Judge.
The appellant, Landria Shuntel Carstar-phen, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 30 years in the penitentiary.
The state’s evidence tended to show that on July 16,1993, the appellant robbed Bobbie Jo Smith, a cashier at Bosun Joe’s Restaurant in Mobile. Smith testified that at about 10:00 a.m. the appellant entered the restaurant. He asked if the assistant manager, *785 Chris, was there and she told him he was not. He then asked if the owner, Ricky, was there and she told him he also was not. Smith testified that the appellant then asked, “Well, how much is a Coke?” She told him he could have one for free because she thought he was cutting the grass outside the restaurant. He told her that he would pay for it. Smith testified that she got the drink and told him it would cost $.98. He' handed her $1.00 and she opened the cash register. The appellant then pointed a pistol at her and said, “Give me all your money.” Smith testified that she did not move. Again, he said “Give me all your money.” Smith backed away from the register. She saw another employee turning the corner coming toward them and she screamed, “Carolyn, he has got a gun.” The employee ran in the other direction. The appellant then jumped over the counter, took some cash out of the register, and ran out of the restaurant. Smith saw him running toward some apartments near the restaurant. She testified that the restaurant was well lit and that she got a very good look at the appellant because he was standing so close to her. Also, Smith identified the appellant shortly after the robbery when Mobile police officers brought him back to the restaurant.
Artie Richard testified that he lived in the apartments near the restaurant. The morning of the robbery, he was outside working on his car. He testified that he saw a young black man running down the hill from the direction of the restaurant holding money in his hand. Richard saw him get into a brown Oldsmobile Delta 88 automobile and drive away. As the man backed the ear out of the parking space, he hit a fence and damaged it. Richard testified that he wrote down the license plate so the landlord could find out who damaged the fence. About 15 minutes later, he walked outside and saw several police officers. An officer asked Richard if he had seen anything and he told the officer what he had seen. Richard then rode with the officer to the appellant’s house to see if he could identify the appellant’s car. Richard testified that the ear parked at the appellant’s house was the same one he saw hit the fence and drive away from the apartment complex.
Roderick David Hale lived across the street from the appellant at the time of the robbery and testified at the appellant’s juvenile transfer hearing. However, he was unavailable to testify at the time of trial. Part of his testimony from the juvenile transfer hearing was read at trial.
Hale testified that on the morning of the robbery he saw the appellant leave his house in an Oldsmobile Delta 88. Later that morning, he saw the appellant driving home at a high rate of speed. The appellant parked the car and ran into the house.
The appellant testified in his own behalf. He testified that he never left home the entire morning and denied any involvement in the robbery.
The appellant raises two issues on appeal.
I
The appellant first contends that the trial court erred by allowing Hale’s testimony at the appellant’s juvenile transfer hearing to be received into evidence at the trial. Specifically, he contends that this violated his rights under the confrontation clause of the Sixth Amendment to the United States Constitution. Also, he contends that the records of juvenile proceedings are confidential under § 12-15-100, Code of Alabama 1975.
“The general rule concerning former testimony and its use in a subsequent trial is explained in C. Gamble, McElroy’s Alabama Evidence, § 245.07(1) as follows:
“‘The testimony of a witness, in a former trial or action, given (1) under oath, (2) before a tribunal or officer having by law the authority to take testimony and legally requiring an opportunity for cross-examination, (3) under circumstances affording the party against whom the witness was offered an opportunity to test his credibility by cross-examination and (4) given in a litigation in which the issues and parties were substantially the same as in the present trial (5) when the personal attendance of the witness to testify in the present trial is not feasible.’ ”
Jones v. State, 603 So.2d 419, 421 (Ala.Cr.App.1992).
*786 When Hale testified at the appellant’s juvenile transfer hearing, he was under oath and subject to cross-examination. However, the appellant contends that the state did not prove that it used due diligence to locate Hale for trial and that therefore it did not prove he was unavailable to testify at trial. In an in camera hearing on this issue the following discussion occurred:
“MR. JORDAN [the prosecutor]: Judge, I have got some sworn testimony of a witness who is unavailable.
“THE COURT: Unavailable why?
“MR. JORDAN: I don’t know his whereabouts anymore. I don’t know if he is out of state. We tried to subpoena him yesterday. Our investigator went out and tried to locate him. He is not locatable.”
“THE COURT: All right. I overrule the objection. Now, for the record, the testimony which is proposed to be read is that of Roderick David Hale, taken in a proceeding styled: In the Mater of Landria Carstarphen, in the Juvenile Division of the Circuit Court of Mobile County, held on December 7, 1993, before the Honorable John F. Butler, Circuit Judge, at a hearing on a motion to transfer the matter from the Juvenile Division of this court to regular court. It appears to have been taken under oath and transcribed under a certificate of Joyce A. Sasser, Official Court Reporter.”
“It is ... well established that it is within the discretion of the trial court to determine whether the [state] has adequately proven that ‘the personal attendance of the witness to testify in the present trial is not feasible.’ ” Johnson v. State, 507 So.2d 1337, 1345 (Ala.Cr.App.1985), rev’d on other grounds, 507 So.2d 1351 (Ala.1986). Here, the trial court found that the state had made a good faith effort to locate the witness and that he could not be located. We hold that the trial court did not abuse its discretion.
The trial court also found that receiving the former testimony from the juvenile transfer hearing into evidence did not violate the confidentiality provision of § 12-15-100, Code of Alabama 1975. In Bombailey v. State, 580 So.2d 41, 45 (Ala.Cr.App.1990), this court held that the testimony of a witness at a juvenile proceeding was admissible under § 12-15-100, Code of Alabama 1975, at a subsequent trial in circuit court.
Therefore, we hold that the trial court did not err by allowing the former testimony of Roderick David Hale to be received into evidence.
II
The appellant next contends that the evidence presented by the state was insufficient for the jury to find him guilty of robbery in the first degree.
“In determining whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, we must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillian v. State, 594 So.2d 1253 (Ala.Cr.App.1991); Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).”
Underwood v. State, 646 So.2d 692, 695 (Ala.Cr.App.1993).
Here, the state presented sufficient evidence from which the jury could find the appellant guilty of robbery in the first degree. Smith identified the appellant as the person who robbed her at the restaurant. The testimony of the robbery victim is sufficient from which the jury could reasonably conclude that the accused appellant was guilty of robbery in the first degree. Hartley v. State, 516 So.2d 802, 804 (Ala.Cr.App.1986). Although the appellant testified that he did not commit the robbery, “Conflicting evidence presents a jury question not subject to review on appeal, provided the state’s evidence establishes a prima facie case.” Underwood, 646 So.2d at 695.
For the foregoing reasons, this case is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.